**COUNTY OF PLATTE, Respondent,**

v.

**Ersil F. JAMES and Betty James, Appellants.**

**No. 56862.**

Supreme Court of Missouri, Division No. 2.

Jan. 8, 1973.

Abe Shafer, Pros. Atty., Platte County, Platte City, for respondent.

Paul T. Miller, Executive Director, The Legal Aid & Defender Society of Greater Kansas City, Kansas City, and Donald O. Tripp, Managing Atty., Platte and Clay Counties, Civil Division, Liberty, of counsel for appellants.

HOUSER, Commissioner.

Platte County sued to enjoin Ersil and Betty James from maintaining a house trailer at the intersection of Highways B and E, allegedly in violation of the provisions of the county's zoning ordinance. The circuit court, to which the case was submitted on stipulation of the parties, found the issues for the county and entered a permanent injunction against defendants, who have appealed. We have jurisdiction since a county is a party and the notice of appeal was filed before January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V.A.M.S.

The house trailer sits on two lots in the Town of Ridgeley. Ridgeley was duly incorporated by orders of the county court in the middle 1800's and has never been disincorporated, but the town government does not function. The town has no governing board or elected or appointed officials and has not had any such officials for many years. Defendants applied to the county board of zoning adjustment to permit temporary location of the house trailer at the place in question and their application was denied. Thereafter this suit was filed. The parties agree that if applicable to the Town of Ridgeley the zoning order prohibits the maintenance of the house trailer.

■ The question whether the county's zoning order is applicable to the territory lying within the corporate limits of the Town of Ridgeley requires a construction of those sections of Chapter 64 of the statutes on planning and zoning applicable to counties of the second and third class (§§ 64.510–64.690,[1] both inclusive). Some of these sections apply to county planning and some to county zoning. A careful distinction is drawn between the power of the county court to make and adopt a comprehensive county plan and the power of the county court to make and adopt a comprehensive zoning plan. The power to *plan* extends to "all areas of the county outside the corporate limits of any city, town or village which has adopted a city plan in accordance with the laws of the state." § 64.510. (The town, being dormant, has not adopted a city plan.) The power to *zone*

---

1. All section references are to RSMo 1969, V.A.M.S. unless otherwise indicated.

is restricted to "the unincorporated portion of counties of the second or third class." §§ 64.620, 64.630. Under the law as it is written Platte County has no power to impose zoning regulations upon the territory within the corporate limits of the Town of Ridgeley.

The fact that the town has not adopted a city plan is not material to the question of the power to zone within the corporate limits. Likewise the fact that the town has failed for years to elect officers or exercise governmental functions is immaterial on this issue. The Town of Ridgeley is yet a municipal corporation notwithstanding these failures, for the continuance of a municipality does not depend upon the existence of officers and the doctrine of forfeiture of the right to be a corporation for nonuser of its powers does not apply to municipal corporations. Section 80.020 provides that the inhabitants of any town incorporated thereunder and their successors shall " * * * have perpetual succession, unless disincorporated * * *," and a municipal corporation when once incorporated can only be disincorporated by resorting to the procedure prescribed by §§ 80.570–80.670. Elaboration of these basic principles is found in the cases of In re City of Kinloch, 362 Mo. 434, 242 S.W.2d 59, 62 [2, 3]; State ex rel. Behrens v. Crismon, 354 Mo. 174, 188 S.W.2d 937, 939 [4, 5] and authorities cited.

■ The county argues that the only reasonable construction of the section conferring zoning powers (§ 64.620) and the section conferring planning powers (§ 64.-510) is that the former applies, refers to and must be read in connection with the latter; that to allow incorporated areas without a city plan to escape zoning control would defeat the whole purpose of the act; that the county has authority to impose its master plan upon incorporated areas without a city plan and therefore necessarily has zoning powers within incorporated areas. This last conclusion does not necessarily follow. The inescapable answer to the county's argument is that neither the county court nor the county board of zoning adjustment is possessed of any powers under a zoning order in excess of those granted by the governing statutes, and the county authorities "must pursue [their] authority and act within the scope of the powers granted to [them]." State v. A. T. & T. Co., Mo.App., 280 S.W.2d 134, 137 [1, 2]. The legislature having expressly restricted the zoning powers of counties of· the second and third class to the unincorporated portions of such counties, these powers may not be expanded by the exercise of judicial power (as long as constitutional limitations are not infringed) no matter how expedient it may seem to do so.

■ The county further argues that appellants are estopped from denying that the board of zoning adjustment had power and authority to enforce the zoning order against them because by virtue of their having applied to the board for a temporary permit they consented "by word and deed" to the jurisdiction of the board; that the principles of estoppel in pais apply. As in the case of a court of law, United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S.W.2d 762, 765 [3], a public administrative body obtains jurisdiction of the subject matter by operation of law. It has only such adjudicatory jurisdiction as is conferred upon it by statute and cannot acquire jurisdiction by appearance, application, consent, waiver, or by the doctrine of equitable estoppel. United Cemeteries Co. v. Strother, supra; 73 C.J.S. Public Administrative Bodies and Procedure § 116.

The injunction order is reversed and the cause is remanded with directions to dissolve the injunction and dismiss the petition.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.