Dear Mr. Buescher:
This letter is in response to your request for an opinion of this office asking as follows:
 1. Can a county of the second class enact and administer a zoning ordinance that would selectively single out particular areas that would desire zoning and allow other areas to remain unzoned?
 2. Can a county of the second class enact and administer a zoning ordinance that would be more restrictive in selective areas and allow other areas to have a very minimum of restrictions on the use of land?
You also state:
 The voters of Franklin County, a county of the second class, approved the establishment of county Planning and Zoning in 1966 or 1967. Shortly thereafter, a set of Planning regulations and subdivision regulations was enacted and adopted by the County Court. To date, no zoning ordinance has been adopted by the County Court in spite of the authorization provided by the earlier election. That [sic] rate of growth in Franklin County has now made it necessary that in order to promote the orderly development of a rapidly growing county, a zoning ordinance is necessary. There are a number of people in the county, however, who are very much opposed to county zoning.
You also advise us that county planning and zoning was approved by the voters of Franklin County in an election conducted pursuant to § 64.885, RSMo.
Section 64.885 provides:
 1. The county court of any county of the first class not having a charter form of government, or of any county of the second, third or fourth class may make an order to present to the voters of the county the question for the establishment of county planning and zoning as provided in sections 64.800 to 64.840 and 64.845 and 64.880.
 2. The question shall be submitted in substantially the following form:
Shall county planning and zoning be adopted?
 3. If a majority of the votes cast is in favor of county planning and zoning, the county court shall proceed with a program of county planning and zoning as provided in sections 64.800 to 64.840 and 64.845
to 64.880.
Sections 64.845 to 64.880, RSMo, which are referred to in § 64.885, refer to county zoning.
Specifically § 64.845 provides:
 1. The county court of any county of the first class not having a charter form of government, or of any county of the second, third or fourth class may make an order to present to the voters of the county the question for the establishment of county zoning as provided in sections 64.845 to 64.880.
 2. The question shall be submitted in substantially the following form:
Shall county zoning be adopted?
 3. If a majority of the votes cast is in favor of county zoning, the county court shall proceed with a program of county zoning as provided in sections 64.845 to 64.880.
Section 64.850 provides:
 For the purpose of promoting health, safety, morals, comfort or the general welfare of the unincorporated portion of counties of the first class not having a charter form of government, or of counties of the second, third or fourth class to conserve and protect property and building values, to secure the most economical use of the land, and to facilitate the adequate provision of public improvements all in accordance with a comprehensive plan, the county court of any county of the first class not having a charter form of government, or of any county of the second, third or fourth class may, after approval by vote of the people as provided in section 64.845, regulate and restrict, by order of record, in the unincorporated portions of the county, the height, number of stories, and size of buildings, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land for trade, industry, residence or other purposes.
Section 64.855 provides:
 For any or all of the purposes of section 64.850, the unincorporated territory may be divided into districts of such number, shape and area as may be deemed best suited to carry out the purpose of sections 64.845 to 64.880
and shall be shown upon the county court's zoning plan; and within the districts the erection, construction, reconstruction, alteration, repair, relocation or maintenance of buildings or structures and use of land and lots may be regulated and restricted. All the regulations shall be uniform for each class or kind of buildings or land uses throughout each district, but the regulations in one district may differ from those in other districts. The regulations shall be made in accordance with a comprehensive zoning plan, and shall give reasonable consideration, among other things, to the then existing character of the districts, their suitability for particular uses, conservation of the value of buildings and of existing development, and encouragement of the most appropriate use of land throughout the county.
It has been held that under these sections with respect to county zoning, the county court has no power to impose zoning regulations upon territory within the corporate limits of a town even though the town had not adopted a city plan.County of Platte v. James, 489 S.W.2d 216 (Mo. 1973).
It seems clear from the sections we have quoted with respect to county zoning that the county government of such counties may, after the approval of the voters, regulate and restrict as prescribed in § 64.850, among other things, the use of buildings, structures and lands for trade, industry, residence or other purposes. Likewise, it is clear from § 64.855 that the unincorporated territory may be divided into districts, as necessary, and within the districts the erection, construction, reconstruction, alteration, repair, relocation or maintenance of buildings or structures and use of land and lots may be regulated and restricted. Further, it is clear from § 64.855 that the regulations are required to be uniform for each class or kind of buildings or land uses throughout each district but the regulations in one district may differ from those in other districts but shall be made in accordance with a comprehensive zoning plan and shall give reasonable consideration, among other things, to the then existing character of the districts, their suitability for particular uses, conservation of the value of buildings and of existing development, and encouragement of the most appropriate use of land throughout the county.
Likewise, it is clear that under § 64.860, the county court is required to provide for the manner in which the regulations, restrictions and boundaries of the districts shall be determined, established and enforced, and from time to time amend, supplement or change such regulations and restrictions within the unincorporated territory.
The provisions of §§ 64.845, et seq., give the county court considerable latitude in determining the regulations and restrictions and the required districts. However, it seems obvious that these provisions relative to county zoning envision a comprehensive plan with regulations which are uniform for each class or kind of building or land uses throughout each district, but which regulations in one district may differ from those in other districts.
In light of the quoted provisions, we conclude that the zoning regulations may differ considerably from district to district. Since the legislature has not prescribed particular zoning classifications and in fact has given the county the latitude we noted, we believe that the county may adopt whatever regulations and restrictions the county believes to be consistent with overall county zoning consistent with the provisions quoted. It would not be consistent with such provisions to entirely ignore some areas of the county or to disregard the comprehensive zoning plan. We believe that a court of law would approve reasonable distinctions in regulations and restrictions based upon the comprehensive zoning plan but not distinctions based upon the mere fact that some land owners are opposed to county zoning.
We believe this answers both of the questions you have asked.
Very truly yours,
 JOHN ASHCROFT Attorney General