Christopher GORE, etc., Appellant,

v.

ST. ANTHONY'S MEDICAL CENTER, et al., Respondents.

No. 62622.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1993.

Application to Transfer Denied Jan. 25, 1994.

Michael A. Gore, St. Louis, for appellant.

Joseph H. Mueller, Robyn Susan Fox, St. Louis, for St. Anthony's Medical Center.

Ben Ely, Jr., Baldwin and Hess, John W. Schlueter, Jr., St. Louis, Bernard C. Brinker, Clayton, Marlene E. Ernst, St. Louis, for respondents.

SIMON, Presiding Judge.

Plaintiff, Christopher Gore, a minor by and through his mother and next friend, Sheila Gore, appeals the trial court's order sustaining the motions of defendants, St. Anthony's Medical Center, Dr. Norris Smith, Dr. Mario Coronado, Dr. Garrett Hagen, Dr. Abraham Phillips, Dr. Paul Fetick, and South County Pediatrics, to tax costs against plaintiff on plaintiff's motion to dismiss without prejudice at plaintiff's costs. We affirm.

On February 25, 1988, plaintiff filed a petition alleging negligence and medical malpractice in the Circuit Court of St. Louis County, and subsequently amended the petition nine times. His ninth amended petition alleged injuries as a result of defendants' negligence during his mother's pregnancy and at the time of his birth. While the action was pending, the parties engaged in extensive discovery including numerous depositions. Defendants filed in the trial court numerous motions and memoranda to tax deposition costs. Attached with each of these motions and memoranda were copies of bills and invoices of court reporting agencies. Many of these bills and invoices were marked as billed directly to Medical Defense, Medical Protective, or Aetna, while others had handwritten notations indicating that they had been paid. Plaintiff estimates the total of these discovery costs at approximately $50,000.00. Our review of the record on appeal indicates that defendants filed motions and memoranda to tax deposition and other costs totalling approximately $33,674.85.

On February 5, 1992, plaintiff filed in the trial court the following memorandum:

Come now plaintiffs (sic) by and through their attorney and dismiss the above styled cause **WITHOUT** prejudice at Plaintiffs' (sic) costs.

(Emphasis plaintiff's.) The cause was dismissed on February 10, 1992, pursuant to plaintiff's memorandum. Defendants' motions to tax costs were heard and sustained by the trial court as of August 21, 1992. Also on August 21, 1992, the trial court certified its order as a final and appealable judgment pursuant to Rule 74.01(b).

On appeal, plaintiff claims the trial court abused its discretion in ordering him to pay all of the deposition and other costs incurred by all defendants without differentiating between costs which would or might be of use to defendant upon refiling of the dismissed action and those which would not. He claims he was thus penalized improperly for exercising his rights to voluntary dismissal and refiling by being compelled to subsidize the litigation expenses of defendants. Plaintiff does not contend on appeal that any costs taxed by the defendants against whom the dismissal operated were excessive or in any other way improper.

Rule 67.01 provides that a civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial. Rule 77.01 provides that in civil actions, the party prevailing shall recover his costs against the other party, unless otherwise provided in the rules or by law. Section 514.170 R.S.Mo.1986 (all further statutory references shall be to R.S.Mo.1986 unless otherwise noted) makes provision for the recovery of costs where a plaintiff dismisses his own suit. That section provides, in pertinent part:

Upon the plaintiff dismissing his suit ... the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law.

This court has held that § 514.170 is not contradictory nor inconsistent with Rule 77.01. *Fisher v. Spray Planes, Inc.,* 814 S.W.2d 628, 632[6] (Mo.App.1991). We also held in *Fisher* that costs taxable pursuant to this statute are to be taxed by the clerk as a ministerial duty, and that no judicial investigation or determination is involved. *Id.,* at 631[4].

Plaintiff argues that to the extent *Fisher* would require the assessment of all costs incurred by any defendant against every plaintiff who ever dismisses his cause of action voluntarily, it must be in error. He argues that the policy of such a construction would discourage, or economic realities would preclude, plaintiffs from voluntarily dismissing actions which they no longer wished or were unable to pursue and which otherwise would be removed from trial court dockets. Further, plaintiff argues, such a requirement would preclude consideration of the circumstances and equities which might fairly demand other results in particular cases, and that such a requirement inevitably would deprive some plaintiffs of the opportunity to fully pursue causes of action which had been instituted in one jurisdiction or venue and which those plaintiffs then found it necessary

or desirable to reassert in another jurisdiction or venue.

The language of § 514.170, however, does not allow for trial court discretion in the taxing of costs upon the voluntary dismissal of a civil action by a plaintiff. *See also,* 20 C.J.S. Costs § 35 ("As a general rule, where plaintiff voluntarily dismisses or discontinues his action, defendant is entitled to costs, whether provision therefor was contained in the order of the court or not."); and 20 Am.Jur.2d, Costs § 18 ("As a general rule, where plaintiff voluntarily dismisses his action, the defendant is entitled to recover costs.").

Plaintiff's argument, that the trial court should differentiate between costs for discovery materials which would or might be of use to defendant upon refiling of the dismissed action and those which would not, is not supported by the record. It is plaintiff who controls the destiny of the lawsuit regarding whether it will be refiled, and the record does not indicate that plaintiff requested the trial court to differentiate between those discovery materials which would be useful upon refiling and those which would not. We cannot fault the trial court for failing to do so **sua sponte.** Further, as we have previously stated, § 514.170 does not allow for trial court discretion in the assessment of costs where a plaintiff voluntarily dismisses his lawsuit. As such, plaintiff's argument fails.

Plaintiff also argues that it begs common sense to suggest that the imposition of costs in the amount of $50,000.00 does not impose prejudice upon the exercise of his right to dismiss voluntarily or does not constitute a radical abridgement of that right. He argues that the defendants in this case have proved no prejudice to themselves except that they had been charged with the deposition costs.

First, plaintiff cites no authority for the proposition that an allocation of costs upon a plaintiff's voluntary dismissal is "prejudice" within the meaning of Rule 67.01. It has been held, however, that a dismissal with prejudice has the effect of an adjudication on the merits and bans further suit by the plaintiff. *North Port Development Co. v. Graff,* 763 S.W.2d 683, 685–6[1,2] (Mo.App.1988);

*see also,* § 510.150. Thus, any "prejudice" plaintiff may suffer as a result of the trial court's order assessing costs is not the type of prejudice contemplated by Rule 67.01. Secondly, plaintiff offers no explanation as to how, under his definition of prejudice, it would be more fair to impose upon defendants the burden of bearing the costs of litigation brought about by the filing of plaintiff's lawsuit. Such a result would seem particularly unfair if plaintiff's suit was not refiled, in which case defendants would be deprived of an opportunity to recover their costs as a prevailing party under Rule 77.01.

Since deposition costs are to be taxed as other costs in a civil action, Rule 57.10, and § 514.170 provides that defendants shall recover costs against plaintiff upon plaintiff voluntarily dismissing his suit, the trial court did not err in granting defendants' motions to tax costs in favor of defendants and against plaintiff.

Affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.