QUALITY BUSINESS ACCESSORIES,
INC., Respondent,

v.

NATIONAL BUSINESS PRODUCTS,
INC., et al., Appellant.

No. 64140.

Missouri Court of Appeals,
Eastern District
Division Four.

June 21, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1994.

David L. Campbell, St. Louis, for appellant.

Thomas Michael Blumenthal, Clayton, for respondent.

CARL R. GAERTNER, Judge.

Defendant, National Business Products, appeals from the trial court's order assessing $3,035.30 in costs against defendant to pay half of the fees of a court-appointed discovery commissioner.

On May 15, 1989, plaintiff, Quality Business Accessories, filed a petition in the Circuit Court of St. Louis County, alleging breach of contract, unfair competition, interference with a business expectancy and appropriation of commissions. Following a number of discovery requests, motions and continuances, the trial court appointed Senior Judge Michael Hart to serve as commissioner "to supervise all discovery in this case, with the expenses to be advanced equally by the parties and to be taxed as costs."

The court again continued the cause a number of times, until September 9, 1992, when it dismissed the case without prejudice for lack of prosecution. On September 29, 1992, plaintiff filed a motion to vacate the dismissal order. After holding a hearing, the trial court on October 13, 1992, set aside the previous order of dismissal and reinstated the cause to the trial docket. The case was set for trial on June 1, 1993.

On November 19, 1992, the St. Louis County circuit clerk taxed as costs $6,070.60 in fees for Judge Hart. On May 28, 1993, plaintiff filed a motion for voluntary dismissal without prejudice. On June 8, 1993, the court entered an order sustaining plaintiff's motion to dismiss, mandating that each party pay Judge Hart $3,035.30 for his fees, and ordering plaintiff to pay any remaining costs.

Defendant appeals from the June 8, 1993, order, contending that the trial court's assessment of the discovery commissioner's costs was a nullity because the court lacked jurisdiction to enter such an order. Defendant argues that pursuant to Rule 75.01 the trial court lost its jurisdiction by failing to rule on plaintiff's motion to vacate the September 9, 1992, dismissal order within thirty days of its entry.

An order of dismissal without prejudice falls within the purview of Rule 75.01, which provides that a court loses control over its judgment thirty days after the entry of the judgment. *Salle v. Holland Furnace Co.*, 337 S.W.2d 87, 89–90 (Mo.1960); *Cozart v. Mazda Distributors (Gulf), Inc.*, 861 S.W.2d 347, 352 (Mo.App.1993); *Lake Thunderbird Property Owners Association v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App.1984). However, if timely and appropriate post-trial motions are filed, the court's power to control is extended to 90 days after the filing of such motions. Rule 81.05; *Thunderbird*, 680 S.W.2d at 763. In the present case, no post-trial motion was filed within 15 days after the entry of the September 9, 1992, dismissal order. Rule 78.04; *Thunderbird*, 680 S.W.2d at 763. Plaintiff's motion to vacate the dismissal order and reinstate the cause was filed on September 29, 1992, it was heard on October 6, 1992, but it was not ruled on until October 13, 1992—34 days after the dismissal order was rendered. Thus, under Rule 75.01, the trial court had no jurisdiction to set aside the dismissal and reinstate the cause. The trial court's October 13, 1992, reinstatement order and the portion of its June 8, 1993, order dismissing the cause were void.

This issue of jurisdiction, however, in no way affects the trial court's power to order the parties to pay the discovery commissioner's fees.

The taxing of costs is generally a ministerial duty performed after entry of the final judgment. *Fisher v. Spray Planes, Inc.*, 814 S.W.2d 628, 631–33 (Mo.App.1991). The expiration of time within which the trial court has control over a judgment is immaterial. *Id.* at 632. It is well-established that where costs are definite and fixed by statute, the court clerk is required pursuant to § 514.260 to tax the costs, as a ministerial duty. *Id.* If the trial court enters an order assessing costs or reviewing the clerk's action, it merely carries out an administrative act, so long as the court's action is not discretionary, requiring judicial investigation and determination. *Garrison v. Jones*, 557 S.W.2d 247, 249 (Mo.banc 1977); *Gore v. St. Anthony's Medical Center*, 866 S.W.2d 871, 872 (Mo.App.1993); *Fisher*, 814 S.W.2d at 631–33.

In the present case, the costs were fixed pursuant to § 514.170 RSMo.1986 and the trial court's previous ruling that both parties would each be assessed half of the discovery commissioner's fees. In November 1992, the clerk taxed the commissioner's fees as costs totaling $6,070.60. This figure corresponded to the calculation of Judge Hart's fees, which he submitted to the trial court. The trial court's June 8, 1993, order sustained the clerk's action and allocated the costs between the parties in conformance with its previous ruling appointing the discovery commissioner. The trial court's order was a ministerial act, requiring no judicial investigation or determination. Point denied.

The trial court lacked authority to set aside its September 9, 1992, order of dismissal and to later grant plaintiff's motion to dismiss without prejudice. Accordingly, the trial court's October 13, 1992, order reinstating the cause and its June 8, 1993, order granting plaintiff's motion to dismiss the case were void. The trial court's original September 9, 1992, order of dismissal without prejudice was final. The portion of the trial court's June 8, 1993, order assessing the discovery commissioner's fees as costs is affirmed.

GRIMM, P.J., and AHRENS, J., concur.