Betty Ross GIVENS, et al., Appellants,

v.

Willie Charles WARREN, Respondent.

No. 66967.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 1995.

Louis County Circuit Court requiring her to pay respondent, Willie Charles Warren ("defendant"), sums representing half of his attorney fees, half of his costs, and monies paid by defendant for paternity blood tests, after mother voluntarily dismissed a paternity suit. We vacate the order of the circuit court, reinstate mother's voluntary dismissal and assumption of court costs, and remand for determination of the costs defendant may tax against mother.

Mother filed a petition for declaration of paternity and for an order of support and custody, individually and as Next Friend for her son, T.W. ("child"), against defendant on March 25, 1994. The petition alleged defendant was child's father and requested entry of an order for continuing custody and child support.[1] Defendant filed a motion to compel paternity blood testing on July 12, 1994. On July 15, the circuit court entered a consent order whereby the parties would submit to blood tests. The order further provided defendant would initially pay the $600.00 cost of said tests, with a determination of ultimate payment to follow in a future order. On July 21, defendant filed his answer to mother's petition denying her paternity allegations.

The results of the blood tests were received on August 31, 1994, and indicated defendant was excluded from paternity and was not child's biological father. On September 1, defendant filed a motion to dismiss mother's petition, and for attorney fees and costs. A hearing on this motion was continued twice at the request of mother and was finally set for September 23. On September 22, mother voluntarily dismissed her suit without notice to defendant, with court costs to be taxed against her.

In response, defendant filed a motion to vacate, reopen, correct, amend, and/or modify the judgment, wherein he also requested the relief prayed for in his earlier motion (dismissal of mother's petition and attorney fees and costs). On September 23, 1994, the court issued an order sustaining defendant's motion with respect to mother's voluntary

James M. Daly, John L. Prather, Michael J. Turgeon, St. Louis, for appellants.

Glenn Gammill, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Betty Ross Givens ("mother"), appeals from an order entered by the St.

---

1. Child was 17 years and 10 months old at the time the petition was filed. Under Missouri law, child support obligations terminate when the child reaches the age of 18 years, unless one of the statutory exceptions applies. *See* RSMo § 452.340.4–.5 (1994). Mother's petition did not contain allegations that any of these exceptions applied in this case.

dismissal and granting defendant's motion to dismiss mother's petition. The order further stated:

> Plaintiffs to pay Defendant $420.00 representing one half of Plaintiffs [sic] attorney's fees herein. Plaintiffs to pay Defendant $83.00 representing one half of Plaintiffs [sic] costs herein. Plaintiffs to pay Defendant $600 as and for reimbursement for Defendants [sic] costs incurred for the Parties [sic] blood tests herein.... Court costs to be divided evenly by the Parties.[2]

The court denied mother's motion to reconsider on September 30. This appeal followed.

For her sole point on appeal, mother contends the circuit court no longer had jurisdiction after she voluntarily dismissed her suit on September 22, 1994, and, therefore, the court's subsequent actions in vacating the judgment and granting defendant attorney fees and costs constituted error. Defendant contends the circuit court did have jurisdiction to assess attorney fees and discovery costs and offers various grounds defending the court's order.

■ Rule 67.02(a) allows a plaintiff to voluntarily dismiss his or her suit without a court order at any time prior to the introduction of evidence at trial. Once a plaintiff does so, "it is as if the suit were never brought." *Liberman v. Liberman,* 844 S.W.2d 79, 80 (Mo.App.E.D.1992). The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity. *Id.* The court loses jurisdiction as of the date of dismissal. *Id.* at 81. This is so despite the fact the opposing party had motions pending at the time the dismissal was filed. *See Atteberry v. Hannibal Regional Hosp.,* 875 S.W.2d 171, 173 (Mo.App. E.D.1994).

Mother's voluntary dismissal deprived the circuit court of any further jurisdiction over the paternity action. Consequently, that part of the court's September 23, 1994, order sustaining defendant's motion to vacate, reopen, correct, amend and/or modify the order

of voluntary dismissal, and granting defendant's motion to dismiss, was void.

However, mother's dismissal of her action did not affect the circuit court's duty to order the payment of costs pursuant to RSMo § 514.170 (1994): "Upon the plaintiff dismissing his suit ... the defendant shall recover against the plaintiff his costs...."

■ After a lawsuit is voluntarily dismissed, the trial court may issue an order as an administrative act in connection with any appropriate orders regarding the assessment of costs. *Garrison v. Jones,* 557 S.W.2d 247, 249 (Mo. banc 1977). The court retains jurisdiction with respect to costs specifically taxable against the plaintiff under RSMo § 514.170. *Fisher v. Spray Planes, Inc.,* 814 S.W.2d 628, 632 (Mo.App.E.D.1991). Costs taxable pursuant to RSMo § 514.170 are taxed by the clerk as a ministerial duty; the statute does not allow the trial court discretion in taxing these costs upon a plaintiff's voluntary dismissal of an action. *Gore v. St. Anthony's Medical Center,* 866 S.W.2d 871, 872–873 (Mo.App.E.D.1993). "If the trial court enters an order assessing costs or reviewing the clerk's action [in taxing costs], it merely carries out an administrative act, so long as the court's action is not discretionary, requiring judicial investigation and determination." *Quality Business Accessories, Inc. v. National Business Products Inc.,* 880 S.W.2d 333, 335 (Mo.App.E.D.1994).

■ In the immediate case, the circuit court reimbursed defendant for the monies ($600.00) he spent on the paternity blood tests. In paternity actions, the Uniform Parentage Act ("U.P.A."), RSMo §§ 210.817–210.852 (1994), requires the circuit court to order paternity blood tests if one party requests them. RSMo § 210.834.1. Here, defendant filed a motion to compel paternity blood testing, in order to refute the charges brought against him. According to defendant, these expenses should be considered "discovery costs" which a putative father can recover pursuant to RSMo § 514.170, specifically citing *Gore* as authority.

---

2. In a separate proceeding, the court also ordered mother to pay defendant's attorney fees on

appeal. Neither party challenges that award and we accordingly do not consider it in this appeal.

In *Gore,* we affirmed an award of deposition costs to the defendant after the plaintiff's voluntary dismissal of the action. *Gore,* 866 S.W.2d at 873. However, *Gore* was limited to the taxing of deposition costs pursuant to Rule 57.10. *Id.* We decline to extend *Gore*'s holding to encompass a putative father's blood test costs in defending against a paternity suit.

Further, we held in *Gore* that the award of deposition costs per Rule 57.10 was not discretionary. *Id.* Defendant argues RSMo § 210.834.4 [3] left no discretion in the circuit court in assessing the costs of defendant's blood tests against mother, even after her voluntary dismissal. However, before such costs can be taxed against a plaintiff in a paternity suit, the court must find the blood test results of the alleged father disprove his paternity. The circuit court never made this finding. Such a finding is a judicial, not ministerial, act. *Gore* dealt with purely ministerial costs wherein no judicial investigation or determination was required and is distinguishable from this case. *See also Fisher,* 814 S.W.2d at 633 (deposition costs); *Quality Business,* 880 S.W.2d at 335 (discovery commissioner's fees).

Defendant argues a ruling for mother on this issue would allow plaintiffs who file paternity suits to evade responsibility for these costs of blood tests simply by voluntarily dismissing their actions upon receiving an unfavorable test result, prior to a judicial determination of non-paternity. According to defendant, such an inequitable result is contrary to the "clear intention" of the legislature to hold plaintiffs responsible for the costs of the blood tests in unsuccessful paternity actions. Defendant's concerns have merit, particularly on the facts of this case. However, under the terms of RSMo § 210.834.4 as written, the court had to find the blood test results showed defendant was not child's father before it could assess the costs of the tests against mother. The court's reimbursement of defendant's blood test costs is vacated. We note the problem raised by defendant here may be rectified by appropriate legislation.

■ The circuit court's order also allocated one-half of defendant's "costs herein"— determined to be eighty-three dollars— against mother. Defendant, in his brief, characterizes these costs as discovery costs. However, it is unclear from the record before us what in fact the eighty-three dollars in "costs" were for, although in the context of the order it appears these costs were not intended to be court costs (which were awarded separately). If the "costs herein" are deposition costs, they are taxable against mother pursuant to *Gore.* If they are fixed costs that do not require judicial investigation or determination and are capable of being assessed as a ministerial act, they are taxable against mother pursuant to RSMo § 514.170. We remand for an appropriate determination and award of these costs. As for the court costs, we order them taxed against mother, pursuant to the terms of her voluntary dismissal.

■ The circuit court's order also taxed one-half of defendant's attorney fees against plaintiff. In doing so, the court erred. Attorney fees do *not* fall within the term "costs," and cannot be awarded subsequent to dismissal of the action. *Liberman,* 844 S.W.2d at 80. Accordingly, that part of the circuit court's order awarding defendant attorney fees was entered without jurisdiction, and is herein vacated.

■ Defendant presents two additional arguments in support of the circuit court's jurisdiction to issue its September 23, 1994, order, which we address in turn. Defendant contends the court retained jurisdiction to vacate, reopen, correct, amend, and/or modify the July 15, 1994, consent order, since it was an interlocutory order. Defendant's logic operates in reverse of the law. Jurisdiction does not follow from the court's ability to reconsider an interlocutory order entered on a motion. Rather, the ability to change an

---

3. RSMo § 210.834.4 states in pertinent part: Whenever the court finds that the results of the blood tests show that a person presumed or alleged to be the father of the child is not the father of such child, this evidence shall be conclusive of non-paternity and the court shall dismiss the action as to that party, and the costs of such blood tests shall be assessed against the party instituting the action....

interlocutory order stems from the court's continuing jurisdiction over the matter at issue, which in this case the court no longer had. *Around the World Importing v. Mercantile Trust Co.*, 795 S.W.2d 85, 88 (Mo.App. E.D.1990).

 Defendant also contends mother consented to the circuit court's jurisdiction by signing the July 15, 1994, consent order. Defendant further urges mother was estopped from appealing the court order entered under that consent. Defendant's argument fails, however, as jurisdiction arises by operation of law. *County of Platte v. James*, 489 S.W.2d 216, 218 (Mo.1973). The court "cannot acquire jurisdiction by appearance, application, *consent*, waiver, *or by the doctrine of equitable estoppel.*" *Id.* (emphasis added).

Based on the foregoing, we vacate the order of the circuit court, reinstate mother's voluntary dismissal and assumption of court costs, and remand for determination of the costs defendant may tax against mother consistent with our opinion herein.[4]

REINHARD, P.J. and CRAHAN, J. concur.

4. Defendant's motion to dismiss mother's appeal, taken with the case, is herein denied.