Benjamin SOLBERG and Jessica
Solberg, Respondents,

v.

Bobby GRAVEN, Christie Lynn
Graven, Jason Coatney, and
Jamie Coatney, Appellants.

No. 26684.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 25, 2005.

Craig F. Lowther, Lowther Johnson, Springfield, Appellants.

Larry K. Bratvold, Bratvold Law Firm, Springfield, for Respondents.

Before BATES, C.J., GARRISON, J., and BARNEY, J.

PER CURIAM.

This appeal arises from a petition brought by Respondents Benjamin Solberg and Jessica Solberg ("Plaintiffs") against Appellants Bobby Graven, Christie Lynn Graven, Jason Coatney and Jamie Coatney which sought specific performance of a real estate sales contract involving land in Christian County, Missouri, and which also sought declaratory relief.

Defendants Bobby and Christie Graven ("Defendants Graven") filed an answer and counter-claim. Prior to the taking of evidence or swearing of any witnesses, Plaintiffs voluntarily dismissed their case without prejudice. Defendants Graven then sought to proceed with their counter-claim. At that point, Plaintiffs made an oral motion to dismiss Defendants Gravens' counter-claim for failure to state a cause of action. This motion was granted; whereupon, the trial court dismissed Plaintiffs' action and Defendants Gravens' counter-claim and awarded costs to Defendants Graven.

Thereafter, Defendants Graven filed a post-trial motion for the assessment of costs as well as a motion requesting the trial court to reconsider its judgment. Additionally, Defendants Graven filed a series of certified cost statements from Freeman and Associates Court Reporting Service which showed Defendants were charged a total of $1,055.00 for five depositions held in connection with the litigation at hand. Again, the trial court denied these motions. This appeal followed.

Rule 67.03 provides that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." *George Ward Builders, Inc. v. City of Lee's Sum-*

**698**

*mit,* 157 S.W.3d 644, 647 (Mo.App.2004).[1] Since the trial court's order dismissing the counterclaim of Defendants Graven did not specify that the dismissal was with prejudice, we must decide whether they have appealed from a final judgment so as to vest this Court with appellate jurisdiction. "The finality of a judgment is a jurisdictional prerequisite and it is the duty of a court sua sponte to determine its jurisdiction, and if a judgment is not final a court must dismiss the appeal." *Spence v. Spence,* 922 S.W.2d 442 (Mo.App.1996). "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Rosenfeld v. Thoele,* 28 S.W.3d 446, 449 (Mo.App.2000). However, there are exceptions. As our Supreme Court said in *Hasemeier v. Smith,* 361 S.W.2d 697 (Mo. banc 1962):

> When a petition is dismissed on the ground that it fails to state a claim upon which relief can be granted, the ensuing judgment of dismissal is final and appealable. The fact that the plaintiff may, if he chooses, bring another action for the same cause does not alter the fact that that judgment was a final adjudication as to that petition and if plaintiff chose to stand on that petition, the judgment was final and appealable.

*Id.* at 699. The counter-claim of Defendants Graven was dismissed for failure to state a cause of action and was a final adjudication of the sufficiency of that pleading. Thus, the judgment in the case at bar is final and appealable.[2]

On appeal, Defendants Graven raise two points of trial court error. In their first point, they maintain the trial court erred in determining their counter-claim failed to state a cause of action for liquidated damages and attorney fees. In their second point, there are assertions of trial court error resulting from the trial court's refusal to award their deposition costs to them. We affirm. Defendants Gravens' first point lacks merit, and their second point seeks premature review of an issue that has not yet been decided by the trial court.

Turning now to Point One, Defendants Graven maintain the trial court erred in dismissing their counter-claim for failure to state a cause of action. Their counter-claim reads, in part pertinent to our review, as follows:

> 22. That the Plaintiffs have alleged that a contract was entered into between Defendants Graven.[3]
>
> 23. That if said contract was entered into, the contract provides that the prevailing party receive 10 [percent] of the total sales price plus reasonable attorney fees.
>
> 24. Such sums should be awarded to Defendants Graven.

"When a petition is attacked by motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted." *Matt v. Burrell, Inc.,* 892 S.W.2d 796, 798 (Mo.App.1995). We review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc

---

1. All references to rules are to Missouri Court Rules (2005).

2. Accordingly, Plaintiffs' motion to dismiss for lack of jurisdiction is denied.

3. In their answer to Plaintiffs' petition, now dismissed, Defendants Graven pled affirmative defenses which expressly set out that "there was no consideration paid by the Plaintiff[s] and therefore the contract was null and void, and that "the parties did not agree on the terms of the contract, and the contract thereafter expired and was null and void and of no further effect."

1993). "No attempt is made to weigh any facts alleged as to whether they are credible or persuasive." *Id.* "The ruling on a motion to dismiss is ordinarily confined to the face of the petition, which must be given a liberal construction." *Matt,* 892 S.W.2d at 796.

 Our review is a *de novo* examination of whether the petition or counterclaim invokes principles of substantive law. *Rychnovsky v. Cole,* 119 S.W.3d 204, 208 (Mo.App.2003). Rule 55.05 provides, in part, that a "pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." "The pleadings must identify the facts upon which the plaintiff's claim rests." *Berkowski v. St. Louis County,* 854 S.W.2d 819, 823 (Mo.App.1993); *see also ITT Comm'l Fin. Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 379 (Mo. banc 1993). "Where, as here, the trial court does not provide reasons for dismissal of the petition, we presume the decision was based on grounds stated in the dismissal motions and will affirm if dismissal was appropriate on any grounds stated therein." *Id.*

 We determine the trial court did not err in dismissing Defendants Gravens' cause of action for failure to state a claim. This is because their allegations at paragraph 24 are unquestionably conclusory. There are no ultimate facts pleaded showing how and why, in the event there is a valid contract, they would be considered the prevailing party, which would thereby entitle them to attorney fees and liquidated damages. "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Pulitzer Pub. v. Transit Cas. Co.,* 43 S.W.3d 293, 302 (Mo. banc 2001).

As previously related, "[m]ere conclusions by the pleader that are not supported by factual allegations are to be disregarded when considering whether a petition is sufficient to sustain dismissal for failure to state a claim upon which relief can be granted." *Sw. Bell Yellow Pages, Inc. v. Wilkins,* 920 S.W.2d 544, 549 (Mo.App.1996).

In *Tolliver v. Standard Oil Co.,* 431 S.W.2d 159, 161 (Mo.1968), our Supreme Court determined that a particular count of a petition which purported to state a cause of action against Standard Oil Company for an alleged failure to furnish a service letter was properly dismissed for failure to state a claim where the plaintiff pled, in part, that the "letter failed to state the true reason for which plaintiff was discharged from the service and employment of defendant." The *Tolliver* court determined that the foregoing was "merely a conclusion and not a statement of facts showing that the pleader is entitled to relief" and noted that the "[m]ere conclusions of the pleader not supported by factual allegations cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted." *Id.* at 162.

Likewise, in *Southwestern Bell,* in an amended counter-claim alleging trademark infringement, defendant Wilkins, in part, "asserted he, in cooperation with SWBYP, developed and designed a distinctive trademark, namely '772-ROOF,' and that he was the rightful owner and user of the trademark." *SW. Bell,* 920 S.W.2d at 548. The Eastern District of this Court determined that "Wilkins' claim of trademark infringement predicated upon his own allegation of 'rightful ownership' is purely conclusory." *Id.* at 549. The court concluded

that "Wilkins' bare allegation of ownership alone is [an] insufficient basis to support his claim for trademark infringement." *Id.* Point One is denied.

In Point Two, Defendants Graven assert the trial court erred in refusing to award these defendants their deposition costs. In reviewing this point, it is important to point out the procedural history relevant to this claim of error. As noted above, the case was set for trial on October 25, 2004. Just prior to the commencement of the trial, Plaintiffs voluntarily dismissed their claims without prejudice, and the trial court then dismissed the counter-claim of Defendants Graven on Plaintiffs' motion. Two days later, Defendants Graven filed a post-trial motion requesting the trial court, rather than the circuit clerk, assess court costs against Plaintiffs because they voluntarily dismissed their claims without prejudice. Statements certifying the deposition costs incurred by Defendants Graven were filed with the trial court on November 15, 2004. On February 23, 2005, the trial court entered its judgment in the case. The last sentence of the proposed judgment tendered by Defendants Graven stated: "As mandated by section 514.170 of the Missouri Revised Statutes, this Court hereby orders costs in the amount of $1,062.00 to be borne by Plaintiffs." The judge lined through this language and instead wrote "cost to [Defendants]." [4] Defendants Graven argue this action was error because it constituted a ruling that they were not entitled to recover these deposition costs from Plaintiffs. For the reasons set forth below, we do not believe this is a correct characterization of the trial court's action.

■ Since Plaintiffs voluntarily dismissed their claims without prejudice be-

fore trial, Defendants Graven are entitled to recover statutory court costs from Plaintiffs. That conclusion follows from the plain language of section 514.170, which states, in pertinent part, that "[u]pon the plaintiff dismissing his suit ... the defendant shall recover against the plaintiff his costs...." Plaintiffs argue that we should not give effect to this language because the counter-claim of Defendants Graven was also dismissed by the trial court. This argument fails because Plaintiffs' obligation to pay court costs arose upon the voluntary dismissal of their claims and is not dependent on Defendants Graven being the prevailing parties in the litigation. *See* § 514.170; *Gore v. St. Anthony's Med. Ctr.*, 866 S.W.2d 871, 872 (Mo.App.1993); *Fisher*, 814 S.W.2d at 632.

■ Although Defendants Graven are entitled to recover their court costs from Plaintiffs, it was not the trial court's responsibility to determine, in the first instance, the type and amount of statutory court costs that should be assessed against Plaintiffs. That responsibility lies with the circuit clerk. The procedure Defendants Graven utilized below reflects a misunderstanding of the distinct roles played by the circuit clerk and the trial court in taxing statutory court costs.

■ It is the circuit clerk's duty to tax statutory court costs. *Fisher*, 814 S.W.2d at 631. This duty is imposed by section 514.260, which states:

> The clerk shall tax and subscribe all bills of costs arising in any cause or proceedings instituted or adjudged in the court of which he is the clerk, agreeably to fees which shall, for the time being, be allowed by law, and shall in no case allow any item or charge, unless the

---

4. Plaintiffs and Defendants Graven agree that this language means costs were assessed against Plaintiffs.

service for which it was made was actually performed in the cause.

When costs are definite and fixed by statute, section 514.260 imposes a ministerial duty upon the circuit clerk to tax such items as court costs. *Quality Bus. Accessories, Inc. v. Nat'l Bus. Prod., Inc.*, 880 S.W.2d 333, 335 (Mo.App.1994). The mandate in section 514.260 "leaves no judicial act to be done by the trial court." *Fisher*, 814 S.W.2d at 631. In other words, the trial court has no role to play in the initial taxation of statutory court costs that are definite in amount.[5]

The only item of court costs in dispute here are deposition expenses incurred by Defendants Graven. The costs and expenses of depositions are a form of statutory court cost which the circuit clerk is required to tax upon request. *See* § 492.590.1; Rule 57.10(a). Deposition costs and expenses must be certified by the reporter taking the deposition. *See* § 492.590.2; Rule 57.10(b). In the instant matter, the record shows Defendants Graven filed with the trial court a certified cost statement from Freeman and Associates Court Reporting Service setting out all costs of depositions, whether incurred by Defendants Graven or Plaintiffs. The certified cost statements reveal that Defendants Graven incurred costs in the amount of $1,055.00. Thus, the costs which Defendants Graven seek to recover from Plaintiffs are definite in amount and fixed by statute. The circuit clerk had a ministerial duty to tax these court costs upon request. The trial court did not err in declining to tax such costs in the first instance in the judgment.

■ Subsequent to the filing of the appeal by Defendants Graven, they requested the circuit clerk to tax the foregoing deposition costs and expenses. The circuit clerk declined to do so.[6] We granted Defendants Graven leave to supplement the record on appeal with documents that establish these facts. Defendants argue that the circuit clerk's refusal to tax these costs should be corrected in this appeal. While we agree that the circuit clerk should have included in the bill of costs the certified deposition costs and expenses incurred by the Defendants Graven, we decline to address the issue on appeal because the trial court has been given no opportunity to correct the error.

■ The clerk's ministerial duty to tax costs is not affected by the expiration of the time during which the trial court has control over a judgment. *Quality Bus.*, 880 S.W.2d at 335. Once court costs are taxed by the clerk, any party may file a motion to retax costs so the trial court can review the clerk's bill of costs. *See* § 514.270; Rule 77.05. In the process of retaxation of court costs, "all errors shall be corrected by the court...." § 514.270. The trial court retains jurisdiction to exercise its ministerial duty to correct errors made by the clerk in taxing court costs that do not require judicial determination or investigation. *Fisher*, 814 S.W.2d at 633–34. A trial court's denial of a Rule 77.05 motion to retax costs is an appealable order. *L.R.R. v. Christian Family*

**5.** Some types of court costs cannot be taxed by the clerk because the amount of the allowance is a discretionary matter to be determined by the trial court upon judicial investigation. *See, e.g., State ex rel. State Highway Comm'n v. Graeler*, 303 S.W.2d 944, 947 (Mo. App.1957) (holding that the setting of reasonable compensation for the services of condemnation commissioners was discretionary for the trial court). These types of court costs must be assessed by the trial court in the first instance. *Id.*

**6.** The only court cost taxed against Plaintiffs by the circuit clerk was the $70.00 filing fee Defendants Graven had to pay to file their notice of appeal.

**702**

*Servs., Inc.,* 620 S.W.2d 14, 15 (Mo.App. 1981); *see also* § 512.020.

In sum, we cannot convict the trial court of committing error with respect to an issue the court was not asked to decide. The circuit clerk's error in failing to tax deposition costs and expenses in favor of Defendants Graven can still be addressed below via a Rule 77.05 motion to retax court costs. The trial court should be given an opportunity to perform its ministerial duty of correcting the clerk's bill of costs before we address the issue on appeal. Point Two is denied.

The judgment of the trial court is affirmed.