PAINE, WEBBER, JACKSON & CURTIS, INC., Plaintiff-Respondent,

v.

Sam S. MISASI, Defendant-Appellant.

No. WD32476.

Missouri Court of Appeals, Western District.

Sept. 28, 1982.

Thomas J. Cox, Kansas City, for defendant-appellant.

Howard E. Bodney, Kansas City, for plaintiff-respondent.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

Plaintiff sues to recover a balance of $19,968.40 allegedly owed by defendant as a result of commodity futures trading, in which plaintiff acted as broker for defend-

ant. Defendant filed a counterclaim for $112,718.40 actual damages and $500,000 punitive damages. The counterclaim was dismissed on plaintiff's motion, and then a motion by the plaintiff for summary judgment on the claim stated in its petition was granted. Defendant appeals, claiming error in the dismissal of the counterclaim.

■ Before undertaking to rule upon a tangle of procedural problems, it will be better to first address the underlying problem here involved. The Commodity Exchange Act, 7 U.S.C.A. Section 1 et seq., regulates trading in commodity futures and provides an administrative remedy for violations through the Commodity Futures Trading Commission ("CFTC"). After plaintiff commenced the present suit, defendant followed two courses: (1) he instituted a reparations proceeding before the CFTC;[1] and (2) he also filed a counterclaim in this state court action, alleging that "plaintiff continually extended defendant's investments far in excess of the amount defendant authorized to be invested for his account by the plaintiff in the buying, selling and trading of commodity futures contracts"; that "plaintiff arbitrarily and in disregard of defendant's interests, entered into purchases and sales of commodity futures contracts on behalf of the defendant that resulted in actual losses to the defendant of $112,718.40"; that "in so doing, plaintiff breached its fiduciary duty to the defendant and in addition thereto, caused defendant to expend $92,750.00 of defendant's capital"; and that "[t]he plaintiff's acts specified ... were done wilfully, wantonly and in reckless disregard of the well-being of the defendant...."

As part of its answer to the counterclaim, plaintiff filed a "demurrer" which the trial court properly treated as a motion to dismiss the counterclaim. The theory for that

1. The record does not disclose what disposition was ever made of the reparations proceeding. Plaintiff's answer to the counterclaim states that "an action brought by defendant against plaintiff before the Commodity Future's Trading Commission to which was assigned CFTC Docket No. R 78–335–79–15, which case was, by the Honorable George H. Painter, Adminis-

trative Law Judge, dismissed with prejudice on September 11, 1979." Defendant's brief in this court states: "[T]he case brought by the Defendant in the Commodity Futures Trading Commission was dismissed due to the fact that Defendant had a duty to defend himself in the State Court due to the fact that the cause of action was filed there first by Plaintiff...."

pleading was explained by plaintiff in its Motion for Determination of Its Demurrer as follows: "[T]he basis for plaintiff's demurrer to the defendant's counterclaim is the pre-emption of the defendant's cause of action by the federal law which created the Commodities Exchange Commission providing a private remedy before that commission and the abrogation and exclusion of other remedies." The sustaining by the trial court of that contention is the basis for the present appeal.

The briefs of the parties in this court devote themselves in large measure to the problem of whether the Commodities Exchange Act permits a remedy by court suit as well as by an administrative proceeding before the CFTC. The briefs on each side cite the sharply conflicting cases on this problem which existed at the time of briefing. However, after the briefs were filed in this court and only very shortly before the oral arguments here, the United States Supreme Court decided *Merrill, Lynch, Pierce, Fenner & Smith v. Curran*, — U.S. ——, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982), holding that customers of commodity brokers may bring court actions for violation of the Commodity Exchange Act, and that an administrative proceeding before the CFTC has not become the exclusive remedy. *Curran* has settled the theretofore hotly debated issue, and under that authoritative decision, the trial court in the present case erred.

In view of that resolution of the underlying issue, it becomes unnecessary to discuss the procedural objection made by defendant to the manner in which the trial court took up the motion for summary judgment. It may be noted parenthetically, however, that those procedural objections have no merit. *Tobler's Flowers v. Southwestern Bell Tel.*, 632 S.W.2d 15 (Mo.App.1982), and cases therein cited.

■ Plaintiff also raises a number of procedural issues. First, it has moved to dismiss this appeal because of defects in defendant's brief in this court and omissions from the record on appeal. Indisputably, defendant's brief as appellant contains serious failures to comply with the rules on briefing. However, we have been able to discern the points at issue and the gaps in the record are not so important as to be fatal to an understanding of the case. The decision by the Supreme Court in *Curran* has now established that the Circuit Court did have jurisdiction and it erred in ruling to the contrary. In view of that very fundamental error, we have concluded under the peculiar circumstances of this case to excuse the defects in the Appellant's Brief and the Record on Appeal pursuant to the discretion granted by Rule 84.08.

■ Plaintiff argues next that defendant is barred from pursuing this appeal because he paid the costs in the trial court. It argues that when a defendant makes a voluntary payment on a judgment against him, he becomes barred from appealing that judgment, citing *Leonard v. Pioneer Finance Co.*, 568 S.W.2d 937 (Mo.App.1978). That rule does not apply here. The cases distinguish between paying costs as against making payment on the judgment itself. The mere payment of costs is not such an acquiescence in or recognition of a judgment as will constitute a waiver of the right to appeal. *Joplin State Bank v. Heaton*, 180 S.W. 19 (Mo.App.1915); 4 C.J.S. Appeal & Error Section 214(d) (1957); 4 Am.Jur.2d Appeal & Error Section 261 (1962). Two jurisdictions which formerly followed a contrary view have now overruled their former position and have adopted the majority rule just stated; *Vermeer v. Sneller*, 190 N.W.2d 389 (Iowa 1971); *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 597 P.2d 1080 (1979).

■ Plaintiff argues next that defendant has no standing to appeal, because the trial court dismissed defendant's counterclaim "without prejudice." It will be remembered that the basis upon which plaintiff argued to dismiss the counterclaim was that defendant's exclusive remedy was a proceeding before the CFTC. The trial court in sustaining the motion to dismiss must have accepted that argument, which was the only argument urged by plaintiff for doing so. After the motion to dismiss was

sustained, defendant requested the trial court to reconsider or in the alternative at least to make the dismissal "without prejudice," and the trial court did the latter.

Defendant's reason for requesting that the dismissal be "without prejudice" is not explained on the record, nor does defendant aid by any explanation in this court. Nevertheless, the reason for requesting this action seems rather obvious. According to defendant (see footnote 1 above), the reparations proceeding before the CFTC apparently had already been dismissed on the theory that defendant should pursue relief in the state court action. It would seem that defendant was trying to lay a foundation by the form of the circuit court's dismissal so that he could go back to the CFTC with a request to reopen the reparations proceeding. That could have been the only reason why the trial court would make this order "without prejudice." But regardless of that speculation, and no matter whether those words were added or not, the order of the Circuit Court was final on the jurisdictional issue. Thereafter, when the trial judge entered summary judgment on the principal issue presented by plaintiff's petition, all phases, including the ruling on the jurisdictional issue, became final and appealable.

Plaintiff argues next that the trial court did not err in dismissing the counterclaim because the reparations proceeding before the CFTC was between the same parties, with respect to the same matter, and the CFTC proceeding was prior in time. This present argument was not urged in the trial court, and there is no reason to believe that the trial court made any reliance upon this theory. More importantly, there is no evidence in the record as to which proceeding was prior in time. Nor is there any showing that the issues in the two proceedings were identical.[2] Furthermore, if plaintiff's allegations are correct (see footnote 1 above), the reparations proceeding had already terminated and was no longer pending at the time the counterclaim in this case was dismissed.

Although normally a respondent may seek to justify the result reached in the trial court even on a basis not advanced by the trial judge, that principle has no application here. There simply is no adequate factual predicate in this record upon which we can say that the trial court should have sustained the motion to dismiss the counterclaim on the basis of a prior action pending. This opinion does not undertake to say that no defense to the counterclaim could possibly be made on that basis now advanced for the first time, but that question cannot be decided now on this record. The matter will be open for further inquiry and determination upon remand.

The judgment dismissing the counterclaim is reversed and this cause is remanded for further proceedings.

All concur.

---

2. Defendant's brief in this court states: "The Defendant's Counterclaims were based upon, but not limited to, the breach of the Plaintiff's fiduciary duty owing to Defendant arising from misconduct of his broker-agent, which conduct was tantamount to not only statutory but common-law fraud."