**STATE of Missouri, Plaintiff,**

**Adair County, Missouri, (Third Party Plaintiff), Respondent,**

v.

**Lana L. ANDERSON, Defendant.**

**Appeal of PETTIS COUNTY, MISSOURI, (Third Party Defendant).**

**No. WD40574.**

Missouri Court of Appeals, Western District.

Oct. 11, 1988.

Jeff Mittelhauser, Pros. Atty., Sedalia, for appellant.

Tom Hensley, Pros. Atty., Kirksville, for respondent.

Before COVINGTON, J., Presiding, and NUGENT and GAITAN, JJ.

COVINGTON, Judge.

Pettis County appeals from an order requiring the county to pay as costs a portion of sheriff's deputies' salaries incurred during a trial held in Adair County on a change of venue from Pettis County.

The facts are not in dispute. The underlying action was a first degree murder case tried by a jury in Adair County after having been sent to Adair County on a change of venue from Pettis County. The trial commenced January 11, 1988, and ended January 16, 1988. The defendant was found guilty of murder in the first degree, and the jury recommended life in prison without probation or parole, a sentence which the trial court subsequently imposed.

During the trial, the Adair County sheriff's department provided courtroom security. Special arrangements were made to assure appropriate security for all jurors during the time that they were sequestered. The defendant was in custody throughout the trial and courtroom security was enhanced to protect the interest of all parties. Regularly employed Adair County sheriff's deputies were required to work overtime, and other individuals were hired to work as special temporary deputies. The parties agree that the reasonable expense for the Adair County sheriff's deputies' salaries incurred as a result of the trial was $4,939.26.

Subsequent to the sentencing of the defendant, the prosecuting attorney of Adair County moved to have the deputies' salaries taxed as costs. The parties stipulated that the $4,939.26 was a necessary and reasonable expense. After written suggestions prepared by prosecuting attorneys of both counties, the trial court ordered that Pettis County pay all costs, including the charges made by the sheriff's department in the amount of $4,939.26.

The trial court's order indicated that it would not be fair to expect Adair County to bear the expense of the additional salaries of the deputies. Perhaps regrettably, however, there is no statutory authority for taxing of the salaries against Pettis County as costs, and the judgment must be reversed.

In taxing the deputies' salaries against Pettis County, the trial court relied upon § 550.120, RSMo 1986[1], which states in pertinent part:

In any criminal cause in which a change of venue is taken from one county to any other county, for any of the causes mentioned in existing laws, and whenever a prisoner shall, for any cause, be confined in the jail of one county for an offense committed in another county, and in which costs are liable to be paid out of a county treasury, such costs shall be paid by the county in which the indictment was originally found or the proceedings were originally instituted

. . . .

Disposition of the issue presented turns upon the construction to be given "costs" in this context.

■ At common law, costs in a criminal case were unknown. *State v. Wilbur*, 450 S.W.2d 458, 459 (Mo.App.1970). Consequently, recovery and allowance of costs depends exclusively upon statutes imposing liability. Statutes imposing costs are penal in nature and must be strictly construed. *Cramer v. Smith*, 350 Mo. 736, 739, 168 S.W.2d 1039, 1040 (1943).

■ Likewise at common law, counties are not liable to pay any costs. Where the common law is changed by statute, the county is liable only to the extent authorized. 20 C.J.S. *Costs* § 441(a) (1940).

■ The term "costs" generally includes only those items connected with the actual presentation of testimony and the fees of specified officers, and courts hesitate to expand the meaning of the term. *Id.* at § 453. Missouri statutes specifically provide, for example, for taxing as costs the following: deposition expense, § 492.590; court reporter fee, § 485.120; cost of witnesses, §§ 550.170, 550.280; fees due jurors, § 550.280; and sheriffs, county marshals or other officers' fees for services in criminal cases and for all proceedings for contempt or attachment, § 57.290.6.

Although the legislature has provided for certain fees of sheriffs' deputies to be taxed as costs, the legislature has not provided specific statutory authority allowing recovery of salaries as costs in a criminal case.

■ In its argument on appeal, Adair County relies almost exclusively upon § 545.620 which states that "[t]he costs *and expenses* necessarily incurred in the removal of any such cause under the foregoing provisions shall be adjusted and allowed by the court wherein the cause is tried, and shall be taxed as other costs in such cause." (emphasis added) Adair County argues that the preceding language, when read in conjunction with § 550.120, provides for the salaries in question to be taxed as costs against Pettis County. This court cannot accept Adair County's reasoning that any expenses or charges which would be paid from the county treasury on a change of venue should be taxed as costs in the originating county. There are no applicable cases interpreting the relevant statutes in the context of the present case; however, in view of the numerous holdings which require that no item is taxable as costs unless specifically provided for by statute, Adair County's interpretation of § 545.620 is impermissibly broad. Further, without specifically construing the statute, it appears clear that the statute speaks to the costs and expenses related to the procedures of removal rather than the actual prosecution of the action itself, which lies at the heart of statutory allowances for costs. *See State v. Davis*, 645 S.W.2d 160 (Mo.App. 1982).

The legislature's own acknowledgment of the need for express authorization of fees charged is contained in § 550.210, which provides that the trial judge and the prosecutor must examine the fee bill and certify that the fees charged are expressly authorized by law.

The trial court's concern that the county to which venue is changed may bear an undue financial burden does not go unheeded. Absent the legislature's addressing

---

1. All statutory references are to RSMo 1986.

the problem, however, the sheriff's deputies' salaries may not be taxed as costs to the originating county.

The judgment is reversed and remanded for entry of an order taxing costs to Pettis County, with such costs not to include Sheriff's deputies' salaries.

All concur.