In Interest of J.P., Plaintiff.

JUVENILE OFFICER, Respondent,

v.

MISSOURI DIVISION OF FAMILY
SERVICES, Appellant,

D.M.D. (Natural Mother), Defendant.

Nos. WD 52824, WD 52825.

Missouri Court of Appeals,
Western District.

Submitted Jan. 22, 1997.

Decided May 6, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 1997.

Steven M. Kuntz, Mo. Div. of Family Services, Jefferson City, for appellant.

Clifford B. Mayberry, Kirksville, Guardian ad Litem for Respondent J.P.

Wallace Trosen, Kirksville, for Respondent Juvenile Officer.

Seth D. Shumaker, Lancaster, for Defendant D.M.D. (natural mother).

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

SMART, Judge.

■ This appeal concerns the trial court's orders in two termination of parental rights cases in which the trial court taxed costs of the action to the appellant, the Missouri Division of Family Services ("the Division"). Included in these costs were witness fees and deposition expenses. This appeal does not involve the merits of the orders terminating the parental rights. The Division contends only that the trial court erred in taxing witness fees and deposition expenses to the Division because the trial court lacked the statutory authority to do so in that § 211.462.4, RSMo 1994[1], does not expressly or implicitly authorize the taxing of such expenses. Because we conclude that the decision of the court in *A.M.G. v. Missouri Div. of Family Servs.*, 660 S.W.2d 370 (Mo.App. 1983), considered with § 211.462 and § 492.590, governs this case, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Division had legal and actual custody of the two juveniles, J.P. and J.M., the subjects of these termination proceedings. The children have the same mother, but different fathers. Counsel for the natural mother filed motions with the trial court asking the court for approval of prepayment of costs associated with the taking of depositions on behalf of the natural mother. In that motion, counsel stated that the reason for this request was that "[t]he taking of depositions are necessary to afford the natural mother with the particulars of the accusations alleged against her in this matter." At a hearing on the matter of deposition fees, counsel stated that he did not, at that time, know the nature or extent of the depositions necessary. The Court ruled that the costs of depositions be taxed to the Division with the understanding that if the natural mother was discovered to have resources and income, a new order taxing costs to her would be entered. Reference to the "Statement of Services Rendered" submitted by counsel for the natural mother after the hearing reveals that at least eight depositions were taken during the discovery process. The record does not contain copies of these depositions, nor were any of the depositions introduced into evidence at the termination hearing.

On April 19, 1996, the trial court terminated the parental rights of J.M.'s natural mother and natural father. The parental rights of J.P.'s natural father were terminated in the same proceeding. In both cases, the trial

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

court held, "[t]hat all costs of this action, including witness fees and deposition costs, are taxed against the Missouri Division of Family Services." The Division appeals.

## COSTS

Historically, at common law, the concept of "costs" did not exist. *Architectural Resources v. Rakey*, 912 S.W.2d 676, 678–79 (Mo.App.1995). The concept of costs is a creature of statute. The statutes allowing for costs are to be strictly construed. *Id.* Unless it is specifically authorized by statute or by agreement of the parties, an item is not taxable as a cost. *Groves v. State Farm Mutual Automobile Insurance Company*, 540 S.W.2d 39, 44 (Mo. banc 1976). Courts have no inherent power to make an award of costs. *Dorn–Chrysler Plymouth, Inc. v. Roderique*, 487 S.W.2d 48, 49 (Mo.App.1972).

In the broadest sense, a "cost" is a "pecuniary allowance, made to the successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action or a distinct proceeding within an action." Black's Law Dictionary 346 (6th ed.1990). In *State v. Anderson*, 758 S.W.2d 500, 502 (Mo.App.1988), the court lists the items that are specifically taxed as costs, as provided for in the Missouri statutes: deposition expense, court reporter fees, cost of witnesses, juror fees, fees for sheriffs, county marshals or other officers' fees for services in criminal cases and proceedings for contempt or attachment. *Id.* There is some authority that costs that are extraordinary or unusual should be submitted to the court for prior approval before they are incurred. 20 Am.Jur.2d *Costs* § 48 (1995).

Rule 77.01 provides that, "[i]n civil actions, the party prevailing shall recover costs against the other party, unless otherwise provided in these rules or by law." Section 492.590 specifically provides that deposition expenses are taxable as costs. That section, however, limits these costs in relation to the relevancy and probative value of the testimony offered by the deponent. It provides:

1. The costs and expenses of depositions, whether originals or copies, or related court reporter, notarial, or other fees of recording the same, shall be taxed in favor of the party or parties requesting the same, and collected as other costs in the suit or suits in which such depositions, or any part thereof, may be used. Any party incurring any such costs or expenses may request the taxing of such costs or expenses actually incurred by that party whether or not such depositions were taken at the instance of that party or some other party to the suit or suits, provided, however, that any costs for copies of depositions shall be limited to the cost of one copy per party, except upon leave of court.

2. The costs and expenses so taxed shall be certified by the reporter taking the same and shall be further limited by the court in which the action is pending at the request of either party with said limitation based on:

(1) The relevancy and probative value of the testimony offered by deponent;

(2) The time required in the taking of the deposition;

(3) The reasonableness of the charge made by the reporter;

(4) The availability of stenographers or shorthand reporters in the area where the deposition is taken;

(5) Charges made by other stenographers or shorthand reporters in the community.

Costs are usually taxed at a reasonable time after the entry of judgment. Section 514.060 provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." If a party contests a category or specific item of costs, the remedy is by motion to retax in the court of the alleged error.[2] Review by the court in

---

2. Section 514.270 provides:

Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had, and in such retaxation all errors shall be corrected by the court; and if the party aggrieved shall have paid any unlawful charge, by reason of the first taxation, the clerk shall pay the costs of retaxation, and also to the party aggrieved the amount which he

which the action is heard is also provided for in Rule 77.05. A motion to retax involves the issue of the amount of costs. A failure to file an objection to a cost bill or memorandum may constitute a waiver of the right to contest taxation of questioned items. Payment of costs (as opposed to payment of a judgment), however, does not signify acquiescence in the judgment or constitute a waiver of the right to appeal. *Paine, Webber, Jackson & Curtis, Inc. v. Misasi,* 640 S.W.2d 524, 526 (Mo.App.1982).

## COSTS IN TERMINATION OF PARENTAL RIGHTS CASES

 The severance of the relationship between a parent and child by an act of law is an awesome exercise of state power, demanding that there be strict and literal compliance with the statutory authority from which that power originates. *In Interest of W.F.J.,* 648 S.W.2d 210, 214 (Mo.App.1983). Missouri statutes provide for the appointment of a guardian ad litem for the children; they also provide for appointment of counsel for indigent parents.

Section 211.462, provides for a guardian ad litem to be appointed in cases involving termination of parental rights. It also provides for the appointment of counsel for parents who can not afford to employ counsel. It states:

1. In all actions to terminate parental rights, if not previously appointed pursuant to section 210.160, RSMo, a guardian ad litem shall be appointed for the child as soon as practicable after the filing of the petition.

2. The parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons. When the parent is a minor or incompetent the court shall appoint a guardian ad litem to represent such parent.

may have paid by reason of the allowing of

3. The guardian ad litem shall, during all stages of the proceedings:

(1) Be the legal representative of the child, and may examine, cross-examine, subpoena witnesses and offer testimony. The guardian ad litem may also initiate an appeal of any disposition that he determines to be adverse to the best interests of the child;

(2) Be an advocate for the child during the dispositional hearing and aid in securing a permanent placement plan for the child. To ascertain the child's wishes, feelings, attachments, and attitudes, he shall conduct all necessary interviews with persons, other than the parent, having contact with or knowledge of the child and, if appropriate, with the child;

(3) Protect the rights, interest and welfare of a minor or incompetent parent by exercising the powers and duties enumerated in subdivisions (1) and (2) of this subsection.

4. Court costs shall be paid by the county in which the proceeding is instituted, except that the court may require the agency or person having or receiving legal or actual custody to pay the costs.

Section 211.462.4 assumes that there will be expenses associated with termination proceedings that are appropriately taxed as costs. This same section places the responsibility for costs of the action on the county except when the court places it on "the agency or person having or receiving legal or actual custody" of the child. Section 211.462.4, RSMo 1994.

## COSTS MAY BE ASSESSED AGAINST THE DIVISION

 Neither fees nor costs can be taxed against the state or a state agency absent express and specific statutory authority. *A.M.G.,* 660 S.W.2d at 371–72. Section 211.462.4 specifically states that "costs" may be imposed upon the agency having custody. We view the statute in context, and in the light of its purposes, to ascertain the intent of the legislature and to give effect to that

such unlawful charge.

intent. *Id.* at 372. The Division has been held to be an "agency" within the meaning of the statute, and it may be assessed costs under the statute. *Id.*

The court in *A.M.G.* pointed out that 211.462.4 was part of a larger scheme, enacted as part of a group of statutes that related to termination proceedings. Other statutory sections of this package of statutes referred to the Division as an "agency" (§ 211.467) and gave indication that the legislature considered the Division a public agency (§ 211.472). *Id.* The court rejected the Division's contention that the legislature intended that costs be taxed against private agencies, holding that when the word "agency" is used alone, it was intended to include the Division. *Id.*

## WITNESS FEES AND DEPOSITIONS MAY BE TAXED AS COSTS

■ The Division nevertheless contends that the witness fees and deposition expenses cannot be taxed as costs against the Division. The Division, however, provides no direct authority for this contention. We note that other expenses that have been scrutinized by our courts and have been accepted as predictable costs of an action are similar in nature to the expenses in question in the instant case.

For example, although the general rule is that attorney fees are not costs, compensation to attorneys performing services necessitated by the statute has been held to be a cost under § 211.462. *In Interest of M.V.*, 775 S.W.2d 262 (Mo.App.1989); *L.R.R. v. Christian Family Servs., Inc.*, 620 S.W.2d 14, 16 (Mo.App.1981). The cost of printing briefs also has been held to be taxable as a court cost. *In Interest of R.S.P.*, 619 S.W.2d 863, 866 (Mo.App.1981). On the other hand, attorney fees incurred by the juvenile officer were recently held not to be costs under the statute.

In *In Interest of D.L.S.*, 934 S.W.2d 30, 31 (Mo.App.1996), the court scrutinized § 211.462 and found that, while the statute expressly provides for the appointment of counsel for the child and for indigent parents, it does not require that counsel for a juvenile officer be appointed. *Id.* The court

looked at whether the cost was "reasonably predictable" and "contemplated or intended to be covered by the legislature." *Id.* The court ruled that attorney's fee expenses incurred by the juvenile officer are not taxable as costs. *Id.*

Similarly, in *L.R.R.* the court observed that the statute required the appointment of counsel to indigent parents and, therefore, "[c]ompensation to attorneys, who performed services the statute necessitated, would appear a predictable 'cost' and contemplated by the legislature as a reasonable corollary to effectuate the statute's designs." *L.R.R.*, 620 S.W.2d at 16. We look, therefore, in this case to the issue of whether the costs of depositions and witness fees, are "reasonably predictable" and "contemplated by the legislature" as necessary to effectuate the intent of the statute.

The statute provides for appointment of a guardian ad litem for the child, and for the provision of counsel to indigent parents. It is assumed, of course, that counsel will appropriately represent the client. To be effective, counsel will often be required to call witnesses and to compel the attendance of the witnesses. In some cases, it will be necessary to take depositions to preserve testimony. Also, it is sometimes more practical to present testimony by way of deposition than by personal appearance. Finally, on some occasions counsel will not be able to prepare for trial without formal discovery.

Section 211.462.3(1), in describing the duties of the guardian ad litem to "[b]e the legal representative of the child" and state that the guardian ad litem "may examine, cross-examine, subpoena witnesses and offer testimony." The statute sets out the duties and the authority of the guardian ad litem in order to make clear that the guardian ad litem is not limited to being a mere observer who bases a recommendation only upon what he or she has observed. The statute does not need to spell out the duties of counsel for the parents because it would be understood that counsel for a parent is entitled to full participation. In fulfilling their duties as guardians ad litem and as attorneys for indigent parties, attorneys may reasonably be

expected to incur certain predictable expenses. Expenses relating to witness fees and depositions may fall into this category.

Witness attendance fees are clearly connected with the actual presentation of testimony and may be taxed as costs. *Anderson,* 758 S.W.2d at 502. As for deposition expenses, we start by assuming the same meaning for the word "costs" in § 211.462.4 as in other statutes. As noted earlier, Missouri provides for the taxing of deposition expenses as costs in § 492.590. That statute does not differentiate between discovery depositions and depositions taken in lieu of a personal appearance by the witness. It is not essential that a deposition be used in evidence at trial in order for that deposition to be properly taxed as a cost in the case. In *Polytech, Inc. v. Sedgwick James, Inc.,* 937 S.W.2d 309, 313 (Mo.App.1996), the defendant contended that the trial court erred in taxing it with costs of two depositions because the deponents both testified at trial. Defendant claimed that because the depositions were not used at trial, the depositions were not relevant or probative. *Id.* The Eastern District declined to adopt a strict rule that the failure to use a deposition at trial necessarily renders it irrelevant and nonprobative. *Id.* at 313–14.

 Of course, no party has an unlimited right to tax deposition expenses as costs. Under Rule 56.01(c), parties may move for protective orders prior to the taking of any deposition, seeking an advance ruling that the deposition not be taken, or, if it is taken, that the expense of the deposition not be treated as a cost of the action. We also assume that, upon proper motion either before or after a deposition is taken, the trial court, in its discretion, may disallow all or part of a deposition expense as a cost of the action upon the basis of the considerations set forth in § 490.592.2. The trial court may consider, pursuant to § 492.590.2:(1) the relevancy and probative value of the testimony offered by the deponent; (2) the time required in the taking of the deposition; (3) the reasonableness of the charge made by the reporter; (4) the availability of stenographers or shorthand reporters in the area where the deposition is taken; and (5)

charges made by other stenographers or shorthand reporters in the community. If the deposition is not used in any way at trial, such as for impeachment, direct evidence, or to refresh recollection, it may be that the expense associated with that deposition should not be taxable as a cost. The trial court has reasonable discretion for determining such a matter under § 492.590.2.

## FINALITY OF APPEAL

 In this case, it appears that the clerk has not actually taxed any costs to the Division. Rather, an appeal was taken from the judgment awarding costs before any costs were taxed. We could, perhaps, decline to exercise jurisdiction on the ground of lack of finality because there is still more to be done concerning costs. On the other hand, the Division does not appear to be interested in challenging particular individual deposition fees or witness fees. The Division presumably has access to the information as to the actual expense of the depositions and witness fees, and has challenged only the general authority of the court to tax these costs against the Division. We will therefore exercise our discretion in the interest of judicial economy, and consider the matter final for purposes of appeal.

## CONCLUSION

The decision in *A.M.G.,* considered together with § 492.590, governs the decision in this case. We hold that the trial court does have the authority to order that the Division be taxed witness fees and deposition expenses as costs of the action under § 211.462.

Judgment is affirmed.

ULRICH, C.J., P.J., and BERREY, J., concur.