Everett L. STARLING, Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, Respondent.

No. WD 57359.

Missouri Court of Appeals,
Western District.

June 27, 2000.

As Modified Aug. 1, 2000.

Motion for Rehearing and/or Clarification
Denied Aug. 1, 2000.

Thomas R. Hill, Kansas City, for appellant.

John S. Johnston, Kansas City, for respondent.

Before BRECKENRIDGE, C.J., LOWENSTEIN and ULRICH, JJ.

PER CURIAM.

Everett L. Starling appeals the circuit court's judgment assessing $17,760.28 in costs against him after he voluntarily dismissed his personal injury lawsuit against Union Pacific Railroad Company. Starling contends that, because the circuit court waited almost three months after he had dismissed his case to enter its judgment assessing costs, it had no jurisdiction to enter the judgment. We reverse the circuit court's judgment and remand to the circuit court for further proceedings.

Starling dismissed his lawsuit on February 16, 1999. On March 3, 1999, Union Pacific filed its motion for attorney fees and expenses. On March 12, 1999, Union Pacific filed its motion to tax costs against Starling. Starling did not file any opposing pleadings to Union Pacific's motion. The circuit court convened a hearing on May 12, 1999, to consider Union Pacific's motions. Starling challenged the circuit court's jurisdiction at that hearing. On the next day, the circuit court denied Union Pacific's motion for attorney fees and expenses and sustained its motion for taxing costs.

 Rule 67.02(a) allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial. Even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. *Givens v. Warren*, 905 S.W.2d 130, 132 (Mo.App.1995). In § 514.170, RSMo 1994, however, the General Assembly has mandated an exception: "Upon the plaintiff dismissing his suit, ... the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law."

 This means that the circuit court retains jurisdiction to issue an order as an administrative act to tax costs against the plaintiff under § 514.170. *Garrison v. Jones*, 557 S.W.2d 247, 249 (Mo. banc 1977); *Givens*, 905 S.W.2d at 132. Section 514.170, however, does not afford any discretion to the circuit court in taxing these costs. "It is well-established that where costs are definite and fixed by statute, the court clerk is required pursuant to § 514.260[, RSMo 1994,[1]] to tax the costs, as a ministerial duty." *Quality Business Accessories, Inc. v. National Business Products, Inc.*, 880 S.W.2d 333, 335 (Mo. App.1994). The circuit court, therefore,

---

1. Section 514.260 says, "The clerk shall tax and subscribe all bills of costs arising in any cause or proceedings instituted or adjudged in the court of which he is the clerk, agreeably to fees which shall, for the time being, be allowed by law, and shall in no case allow any item or charge, unless the service for which it was made was actually performed in the cause."

may enter an order assessing costs or reviewing the court clerk's action, but it can assess only costs that do not require judicial investigation and determination. *Id.*

■ The costs submitted by Union Pacific and taxed against Starling were costs and expenses related to depositions and hearings. Some of the depositions were video taped, and the others, we assume, were transcribed. In *Gore v. St. Anthony's Medical Center,* 866 S.W.2d 871, 873 (Mo.App.1993), this court's Eastern District held that, pursuant to § 514.170, the circuit court's award of deposition costs to the defendant after the plaintiff voluntarily dismissed his lawsuit was not discretionary.[2] *See also Givens,* 905 S.W.2d at 133. Rule 57.03(c)(6), however, provides, "Unless otherwise stipulated to by the parties, the expense of video taping [a deposition] is to be borne by the party utilizing it and shall not be taxed as costs." We find no stipulation between the parties concerning the costs of video taped depositions. Thus, in assessing the costs of video taped depositions without a stipulation between the parties, the circuit court was exercising its discretion. Upon Starling's voluntary dismissal of his lawsuit, the circuit court retained jurisdiction to engage only in the administrative, rather than the discretionary, act of assessing costs. To the extent that the circuit court included in its award the costs for video taped depositions, it erred. Union Pacific is responsible for those costs.

■ As to the remaining costs for the depositions, Rule 57.10(a) says, "The costs of taking depositions shall be taxed in favor of the party paying the same and taxed as other costs in the civil action[,]" and

Rule 57.10(b) says, "The costs shall be certified by the person before whom the deposition is taken in the amount provided by law." Section 492.590, RSMo Supp. 1999, also provides:

1. The costs and expenses of depositions, whether originals or copies, or related court reporter, notarial, or other fees of recording the same, shall be awarded as a judgment in favor of the party or parties requesting the same, and collected in the manner provided by section 514.460, RSMo. Any party incurring any such costs or expenses may request the taxing of such costs or expenses actually incurred by that party whether or not such depositions were taken at the instance of that party or some other party to the suit or suits, provided, however, that any judgment awarded for copies of depositions shall be limited to the cost of one copy per party, except upon leave of court.

2. The costs and expenses so incurred shall be certified by the reporter taking the same[.]

We strictly construe statutes allowing the taxation of costs. *Fisher v. Spray Planes, Inc.,* 814 S.W.2d 628, 633 (Mo.App.1991); *Wilson v. Good,* 749 S.W.2d 17, 19 (Mo. App.1988). The concept of "costs" was created by statute, and not common law. *Wirken v. Miller,* 978 S.W.2d 60, 63 (Mo. App.1998). Thus, "[c]ourts have no inherent power to award costs, which can only be granted by virtue of express statutory authority." *Dorn–Chrysler Plymouth, Inc. v. Roderique,* 487 S.W.2d 48, 49 (Mo. App.1972).

■ Although Union Pacific provided the circuit court with invoices and a list of court costs setting forth the invoice

---

**2.** In the *Gore* case, the plaintiff did not contest that the costs were excessive or in any other way improper. *Gore,* 866 S.W.2d at 872. Section 492.590.2, RSMo Supp.1999, provides that the court may limit the costs and expenses of depositions at the request of either party based on: "(1) The relevancy and probative value of the testimony offered by deponent; (2) The time required in the taking of the deposition; (3) The reasonableness of the charge made by the reporter; (4) The availability of stenographers or shorthand reporters in the area where the deposition is taken; (5) Charges made by other stenographers or shorthand reporters in the community." In Starling's case, he did not request the circuit court to limit the deposition costs on any of these grounds.

dates, the vendors' names, the witnesses' names and the amounts for each deposition, it did not provide the court with certifications from the persons before whom the depositions were taken. Union Pacific contends that, because Starling did not raise the certification issue before the circuit court, he waived any objections about the lack of certification. Again, however, upon Starling's voluntary dismissal of his lawsuit, the circuit court had jurisdiction to assess only those costs that did not require judicial investigation and determination. We recognize that a party may waive his or her right to contest the taxation of costs by failing to object to a cost bill or memorandum. *In Interest of J.P.*, 947 S.W.2d 442, 445 (Mo.App.1997). When the circuit court is merely engaging in an administrative act by taxing costs and is not engaging in any judicial investigation of the costs, it must have the appropriate certification of the costs in order to assess them. To rule otherwise would allow parties to make their own representations about costs without any kind of proof.

We, therefore, reverse the circuit court's judgment. Because the circuit court retains jurisdiction to perform the ministerial act of assessing costs, the cause is remanded to the circuit court for the assessment of costs in a manner consistent with this opinion.

All concur.