**MULTIDATA SYSTEMS
INTERNATIONAL CORPORATION,
Plaintiff/Respondent,**

v.

**Jingeng ZHU, et al.,
Defendants/Appellants.**

**No. ED 81552.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 5, 2003.

Application for Transfer Denied
July 1, 2003.

Michael H. Musich, St. Louis, MO, for appellant.

Nicholas B. Clifford Jr., Thompson Coburn, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Jingeng Zhu, Yan Hong Shen, and Richard Yike Gu, d/b/a Scientific Solution Group and Scientific Solution Group International Corporation (collectively referred to as "defendants") appeal the judgment of the trial court granting Multidata Systems International Corporation ("plaintiff") costs in the amount of $9,909.06. Defendants claim that the court had neither the authority nor the jurisdiction to award such costs. Additionally, defendants claim that plaintiff's request for such costs was frivolous and warranted sanctions. We affirm in part and reverse and remand in part.

Plaintiff filed a petition and motion for temporary restraining order and preliminary injunction against defendants, alleging breach of contract, misappropriation of trade secrets and trade dress infringement. Subsequently, plaintiff amended the petition to include an allegation of conspiracy to misappropriate trade secrets. On December 19, 2001, the court, with consent of the parties, entered a permanent injunction, order and judgment. In this judgment, the parties agreed that "[d]efendants shall pay court costs." Thereafter, a bill of costs was submitted in the amount of $65.00 by the clerk of the court, and paid by defendants. On April 24, 2002, plaintiff submitted its bill of costs, requesting payment of a total of $13,853.74. Defendants filed objections to plaintiff's bill of costs. Plaintiff filed a motion to assess costs which was called, heard and argued on July 3, 2002. The court took the matter under submission, and ordered plaintiff to submit a proposed order for costs. On July 11, 2002, plaintiff submitted its proposed order and judgment excluding certain costs originally included in plaintiff's bill of costs, and assessing costs against defendants in the amount of $9,909.06. The court adopted plaintiff's order and judgment the same day, awarding costs of $9,909.06 to plaintiff. Defendants filed a motion for sanctions and their notice of appeal on July 29, 2002.

In their first point on appeal, defendants argue that the trial court erred in awarding costs to plaintiff of $9,909.06 because costs may only be taxed where statutory authority exists to tax an item as costs. Defendants claim that the majority of

plaintiff's costs were not authorized by statute. Specifically at issue are expenses included for the depositions of Zhu and Steven Spencer ("Spencer"); service fees; and filing fee and third-party fees to Anderson Technologies, Inc. ("Anderson"). We note that in their brief, defendants present arguments concerning in-house copying expenses and miscellaneous expenses which were included in plaintiff's original bill of costs. These costs were not claimed in plaintiff's proposed order, and were not included in the judgment of the court; therefore, we do not need to consider them.

■ "The concept of 'costs' was created by statute, and not common law." *Starling v. Union Pacific R. Co.*, 22 S.W.3d 213, 216 (Mo.App.2000); (citing *Wirken v. Miller*, 978 S.W.2d 60, 63 (Mo.App.1998)). Therefore, courts may only award those costs which may be granted by virtue of express statutory authority. *Id.*

We first address the issue of the expenses incurred for the depositions of Zhu and Spencer. Section 492.590 RSMo (2000)[1] specifically provides for the award of costs and expenses of depositions. The statute also provides that the reporter taking the deposition shall certify the costs, and that the costs may be limited based upon the relevancy and probative value of the testimony of the deponent.

Defendants argue that the deposition of Spencer, who owned Advantage Engineering, Inc. ("Advantage"), was not relevant to the case. Advantage employed one of the individual defendants; however, it was not named as a party to the suit. Defendants assert that there was nothing to suggest that Advantage was involved in any business activity or any trade secrets of plaintiff.

■ "Generally, the propriety of discovery is a matter of trial court discretion, which appellate courts will not disturb except for abuse of that discretion." *In re Marriage of Hershewe*, 931 S.W.2d 198, 201 (Mo.App.1996). Parties may obtain discovery concerning any relevant matter, which is not privileged. *Id.*; (citing Rule 56.01(b)(1)). Material can be considered relevant where it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* In its order, the trial court specifically found the deposition of Spencer to be relevant to the issues in the case. As an employer of Gu, Spencer's deposition was arguably relevant to investigate Gu's activities at Advantage and the extent of his use of plaintiff's technology, if any, at Advantage. The trial court did not abuse its discretion in determining that Spencer's deposition was relevant. Therefore, the court did not err in awarding the expense of Spencer's deposition as costs.

Defendants challenge the deposition costs for both Zhu and Spencer, contending they were not certified by the court reporter as required by statute. Section 492.590 provides that the "costs and expenses so incurred shall be certified by the reporter taking the same...." Here, plaintiff filed check requests made by its attorneys to pay for the depositions and invoices for both depositions. However, plaintiff failed to file any certification from the court reporter taking the depositions. In *Starling*, the court considered a similar issue. At issue in *Starling* were costs assessed for certain depositions. Union Pacific provided the court with invoices that included information concerning the vendor's name, the names of the witnesses and the amount for each deposition. However, Union Pacific failed to provide the court with certification from the person before whom the deposition was taken.

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

The court determined that these certifications were required for the court to assess costs for the depositions. *Starling*, 22 S.W.3d at 217. Here, it is necessary for plaintiff to file certifications from the court reporters before whom the depositions of Zhu and Spencer took place. On this issue, we remand the cause to the trial court to allow plaintiff to file certifications and for the court to assess the costs accordingly.

▮ Next, we consider defendants' argument that plaintiff is not entitled to recover the costs of a special process server, used to serve out-of-state defendants. Section 506.140 specifically provides that, "[a] party may file an application to the court requesting that any fees paid to a special process server be awarded in any judgment entered in the action. The court may enter judgment in the reasonable amount of such fees." Defendants argue that the 1996 amendment of the statute, which substituted the words, "awarded in any judgment entered" for "taxed as costs," indicates a legislative intent to rescind earlier statutory authority to award special process server fees as costs. According to defendants, the amendment to the statute mandates that a party file a specific application with the court in order to be awarded special process server fees, and the court cannot include such a claim as part of a judgment for court costs. We disagree. The statute provides that a party may request that the court award special process server fees, and the court may enter a judgment for such reasonable fees. In the present case, plaintiff requested an award of such fees by its motion to assess costs and the submission of its proposed order including them. The court entered a judgment for costs in the amount of $9,909.06, which included the reasonable amount of special process server fees. The award of special process server ex-

penses included in the judgment for costs comports with the statute.

Defendants also challenge the assessment of the filing fee of $182.00. Defendants argue that they paid a statement of costs in the amount of $65.00, and they should not be required to pay any more than that amount already remitted as costs. They claim that "to the extent that $65.00 represents any portion of the filing fee, and to the extent the balance of the filing fee was or is subject to refund to Plaintiff, Defendants submit that they should not be required to pay any more than the $65.00 already paid as costs." However, there is nothing in the record to indicate how the $65.00 paid by defendants was applied by the court. Nor is there anything in the record to indicate what, if anything, was refunded to plaintiff. As a result, in addition to its consideration of the certification of the deposition costs, we remand the issue of the assessment of the $182.00 filing fee to the trial court for consideration.

Finally, we consider the expenses for the third-party custodian, Anderson Technologies, Inc. Section 514.060 states that a prevailing party shall recover his costs against the other party. Thus, we must determine whether the expense of a third-party custodian falls under the definition of "costs."

▮ Costs have been broadly defined as a "pecuniary allowance, made to the successful party (and recoverable from the losing party), for ... expenses in prosecuting or defending an action or a distinct proceeding within an action." *In the Interest of J.P.*, 947 S.W.2d at 444; (*quoting* Black's Law Dictionary 346 (6th ed.1990)). In the present case, the expense incurred in retaining Anderson to print the information from Zhu's computer and to store the computer and its accessories was done so pursuant to an order of the court. Zhu

failed to provide a hard copy of documents from his computer, and he failed to comply with the request for the return of the computer and accessories. Plaintiff filed a motion to compel the production of the documents and the computer and accessories. In its order of December 6, 2000, the court ordered production of Zhu's computer to Anderson and stated that Anderson was to print the information from Zhu's computer and store the computer thereafter. An expense incurred pursuant to a court ordered production can be considered a cost within the broad definition stated above. Therefore, pursuant to section 514.060, such cost was properly awarded to plaintiff by the trial court. Point denied.

In their second point, defendants assert that the trial court erred in sustaining plaintiff's motion to assess costs because the court did not have jurisdiction to do so. Because plaintiff failed to file its motion to assess costs within thirty days after the entry of judgment, defendants argue that the trial court was without jurisdiction to assess any costs.

■ Generally, pursuant to rule 75.01, a court loses its power to correct, amend, vacate, reopen or modify a judgment on its own motion after thirty days from the entry of the judgment. Defendants contend that the court was without jurisdiction to assess costs because the request for such costs and the judgment and order assessing them was more than thirty days after the court's entry of a permanent injunction, order and judgment. However, "[c]ourts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." *Lake Thunderbird Property Owners Ass'n, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App.1984); (*quoting* 46 Am.Jur.2d *Judgments* § 898 (1969)). Rule 75.01

serves merely as a bar to the court's right to alter, modify, or change its judgment, but it does not prevent the court from enforcing its judgment as originally entered. *Id.*

■ Here, the court's judgment provided that defendants shall pay court costs. Plaintiff requested, by its motion, that the costs be assessed to defendants. The court, in granting plaintiff's request, and assessing costs to defendants, was simply enforcing its original judgment. No change or modification was made to the judgment because the parties agreed in the consent judgment that defendants shall pay court costs. The trial court simply exercised its inherent authority to enforce that portion of the judgment. Point denied.

In their third and final point on appeal, defendants claim that their motion for sanctions should be granted because there was no legitimate basis for the majority of costs claimed by plaintiff, nor was there a basis for any argument for the extension, modification or reversal of existing law on the issue of court costs. Plaintiff argues that this issue has not been preserved for review because defendants filed their motion for sanctions the same date as their notice of appeal. Therefore, the trial court did not have the opportunity to rule on the motion for sanctions.

■ Where an issue is raised for the first time on appeal, and has not been presented to the trial court, it is not preserved for appellate review. *Care and Treatment of Burgess v. State*, 72 S.W.3d 180, 184 (Mo.App.2002). "With only rare exceptions, an appellate court will not convict a trial court of error on an issue that was never presented to the trial court for its consideration." *McMahan v. Missouri Dept. of Social Services, Div. of Child Sup-*

*port Enforcement,* 980 S.W.2d 120, 126–27 (Mo.App.1998).

 In the present case, defendants filed their motion for sanctions with the trial court on the same date they filed their notice of appeal. The motion was neither argued nor submitted to the trial court. The trial court did not have the opportunity to rule on defendants' motion for sanctions. Therefore, there is no potential claim of error preserved for review. Point denied.

The judgment of the trial court is affirmed in part and reversed and remanded in part for assessment of costs in a manner consistent with this opinion.

MARY R. RUSSELL, P.J., and BOOKER T. SHAW, J., concurs.