173 S.W.3d 695 (2005)
In the Matter of C.M.C. a/k/a C.M.H.; Plaintiff
J.D.C. and J.A.C., Appellant-Respondents,
v.
J.M.H. (Father); Respondent-Appellant
J.D.C. (Mother), Respondent.
Nos. WD 64801, WD 64854.
Missouri Court of Appeals, Western District.
October 18, 2005.
*697 Sharlie Pender, Independence, for Appellant-Respondents.
Laurie V. Snell, Kansas City, for Plaintiff.
Robert N. Calbi, Kansas City, for Respondents-Appellant.
Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and JOSEPH M. ELLIS, JJ.
ROBERT G. ULRICH, Judge.
J.D.C. and J.A.C., appellant-respondents, appeal from a judgment of the Probate Court Division of the Circuit Court of Jackson County, Missouri. The court entered judgment pursuant to section 475.030.4(2), RSMo 2000, appointing J.D.C. and J.A.C., maternal grandfather and step-grandmother of C.M.C., co-guardians of C.M.C. The judgment further decreed that grandparents, mother, and father should each pay one-third of the costs incurred, including one-third of the Guardian Ad Litem fee, and that if any party satisfies more than one-third of the sums awarded to the Guardian Ad Litem, then that party shall be entitled to contribution from the non-paying party or parties to the extent that the paying party satisfied more than one-third. In their first point, appellant-respondents appeal the failure of the judgment to award them their full deposition costs. In their second point, appellant-respondents appeal the failure of the judgment to specify a certain sum of money to be paid by the grandparents, mother, and father for the Guardian Ad Litem fees. For the reasons set forth below, the case is remanded with instructions to enter judgment in accordance with this opinion.

Facts
On November 5, 2001, J.D.C. and J.A.C., maternal grandfather and step-grandmother of C.M.C., filed their petition seeking Letters of Co-Guardianship of C.M.C., a female minor child born August 31, 1999. The natural mother consented to and also requested the guardianship, via a filed affidavit. On December 6, 2001, J.M.H., the *698 natural father, filed pleadings opposing the grandparents' guardianship petition. Laurie V. Snell was appointed Guardian Ad Litem for the minor child on December 14, 2002. Mother withdrew her consent to grandparents' guardianship on March 7, 2002 and filed a formal answer on March 10, 2002.
A Pre-Trial conference was had on April 9, 2002, and the Guardian Ad Litem requested a trial date of no later than August 12, 2002, due to her anticipated maternity leave. In preparation for trial, grandparents deposed mother and father on various dates prior to August 12, 2002, incurring deposition costs of $1,084.25. After depositions were had but prior to August 12, 2002, the parties agreed to participate in mediation to be scheduled and arranged by Father. Father failed to schedule or arrange for any mediation sessions, and on March 28, 2003, the Guardian Ad Litem requested that another pre-trial conference be scheduled.
Pre-trial conference was scheduled for April 11, 2003. Father's counsel requested a continuance, but failed to respond to requests to provide alternate dates for the pre-trial conference. A pre-trial conference was then scheduled and had on August 7, 2003. A trial setting was deferred until the Guardian Ad Litem fees had been paid and father's pending criminal case concluded, scheduled for February 23, 2004. In preparation for trial, grandparents deposed mother and father on April 29, 2004, incurring deposition costs of $748.80. Grandparents filed a "Certification of Taking of Deposition and Costs Incurred" for four depositions and a "Notarial Certificate" which indicated costs incurred for two depositions; these documents were also entered as exhibits during trial.
Trial was had over four days, concluding on July 9, 2004, wherein the court took the matter under advisement. The court issued its judgment on July 23, 2004, which appointed grandparents co-guardians of C.M.C. The judgment further decreed that grandparents, mother, and father are respectively responsible for "one-third the costs incurred, including Guardian Ad Litem fees." With respect to Guardian Ad Litem fees, the judgment decreed that "if any party satisfies more than one-third of the sums awarded to the Guardian Ad Litem, then that party shall be entitled to contribution from the non-paying party or parties to the extent that the paying party satisfied more than one-third of the sums awarded to the Guardian Ad Litem."
On August 9, 2004, father filed a Motion for Rehearing. Grandparents filed their "Motion to Amend Judgment to Specifically Award Deposition Costs as a Sum Certain Amount" on August 11, 2004. Father filed Notice of Appeal of the trial court's judgment on November 18, 2004. Grandparents cross-appealed. Father has abandoned his appeal and is participating in this proceeding only to defend against grandparents' cross-appeal.

Jurisdiction
Father's only briefed argument is that his notice of appeal was not timely filed, and thus this court has no jurisdiction to hear grandparents' cross appeal. Father's Notice of Appeal was timely filed and this court does have jurisdiction. A Notice of Appeal must be filed not later than ten days after the judgment appealed becomes final. Rule 81.04(a). A judgment becomes final thirty days after it is entered if no timely authorized after-trial motion is filed. If a timely authorized after-trial motion is filed, the judgment becomes final at the earlier of: (1) "ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled" or (2) if *699 all motions have been ruled, "the date of the ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later." Rule 81.05(a).
The judgment awarding co-guardianship to grandparents was issued on July 23, 2004. Grandparents filed a motion to amend the trial court's judgment on August 11, 2004. A motion to amend judgment is an authorized after-trial motion. Rule 78.04; Blue Ridge Bank & Trust Co. v. Hart, 152 S.W.3d 420, 425-26 (Mo.App. W.D.2005). This motion was not ruled on by the trial court and was deemed overruled after ninety days. Rule 78.06. Thus, the judgment became final on November 9, 2004, ninety days after grandparents filed the motion to amend judgment. The Notice of Appeal must have been filed within ten days after the judgment became final in order to be timely; thus, it must have been filed by November 19, 2004. Father filed the Notice of Appeal on November 18, 2004, one day before the ten-day window closed. Therefore, father's appeal was timely, and this court has jurisdiction to hear grandparents' cross-appeal.

Standard of Review
In a non-jury tried case, the trial court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); Schlotman v. Schlotman, 126 S.W.3d 425, 427-28 (Mo.App. W.D.2004).

Deposition Costs
The concept of "costs" did not exist at common law and was created by statute. Starling v. Union Pac. R.R. Co., 22 S.W.3d 213, 216 (Mo.App. W.D.2000). Statutes allowing the taxation of costs are strictly construed. Id. Courts have "no inherent power to award costs, which can only be granted by virtue of express statutory authority." Id. (quoting Dorn-Chrysler Plymouth, Inc. v. Roderique, 487 S.W.2d 48, 49 (Mo.App.1972)).
A "cost" is a "pecuniary allowance, made to the successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action or a distinct proceeding within an action." In the Interest of J.P., 947 S.W.2d 442, 444 (Mo.App. W.D.1997)(quoting BLACK'S LAW DICTIONARY 346 (6th ed.1990)). Deposition costs in the context of terminating parental rights fall within the definition of "costs." Id. Several statutory sections and rules pertain to costs. Section 514.060 states: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." (emphasis added). Section 492.590.1 provides that deposition costs "shall be awarded as a judgment in favor of the party or parties requesting the same... provided, however, that any judgment awarded for copies of depositions shall be limited to the cost of one copy per party, except upon leave of court." (emphasis added). The statute further provides that the costs "shall be certified by the reporter taking the same and shall be further limited by the court in which the action is pending at the request of either party." § 492.590.2, RSMo 2000. This statutory provision does "not differentiate between discovery depositions and depositions taken in lieu of a personal appearance by the witness. It is not essential that a deposition be used in evidence at trial in order for that deposition to be properly [awarded] as a cost in the case." In the Interest of J.P., 947 S.W.2d at 447. Section 472.040 *700 provides that "[i]n all suits and other proceedings in the probate division of the circuit court, the prevailing party shall recover his costs against the other party, except in those cases in which a different provision is made by law." (emphasis added). Section 475.020 states that the "provisions of chapter 472, RSMo, unless therein restricted to decedents' estates, apply to guardianships and conservatorships," thus making section 472.040 applicable in this case. Rule 57.10[1] states that the costs of taking depositions "shall be taxed in favor of the party paying the same and taxed as other costs in the civil action" and that the costs "shall be certified by the person before whom the deposition is taken in the amount provided by law." (emphasis added).
The term "prevailing party" applies not only to parties who obtain a favorable judgment on the merits, but also to those "obtaining a settlement, obtaining a voluntary dismissal of a groundless complaint, or obtaining a favorable decision on a single issue if the issue is one of significance to the underlying case." Greenbriar Hills Country Club v. Dir. of Revenue, 47 S.W.3d 346, 353 (Mo. banc 2001). In this case, grandparents petitioned the court for letters of co-guardianship. Mother and father both opposed this petition. The court found mother and father to be unfit and appointed grandparents co-guardians of C.M.C. Thus, grandparents were the prevailing party in this action.
The prevailing party does not enjoy an unlimited right to recover deposition costs. Parties may seek a protective order under Rule 56.01(c) in order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). Additionally, parties may ask the court to limit the costs awarded based on several considerations. § 492.590.2, RSMo 2000. In this case, however, father did not seek a protective order with respect to costs and did not ask the court to limit costs awarded. A party may waive his or her right to contest assessment of costs by failing to object to a cost bill or memorandum. Starling 22 S.W.3d at 217.
As emphasized, these statutory provisions direct that costs be recovered as a matter of right. The court lacks discretion when the statute directs that costs "shall" be awarded to the prevailing party. If a party requests that costs be limited in amount, the court has discretion to reduce costs awarded. § 492.590.2, RSMo 2000. Neither father nor mother requested costs be limited, however. Without such a request, the court lacks discretion to limit the amount of costs awarded. Deposition costs are further limited to the cost of one copy per party, except upon leave of court. § 492.590.1, RSMo 2000.
Grandparents erroneously assert that the judgment was silent as to costs. The judgment states: "Petitioners are responsible for one-third of the costs incurred and Mother and Father shall each be responsible for one-third of the costs incurred, including guardian ad litem fees,. . . ." Thus, the judgment divides all costs into equal thirds. If this mandate only referred to the Guardian Ad Litem fees, there would be no need for the phrase "including guardian litem fees." This phrase necessarily indicates that all costs were split into equal thirds. As the court assessed one-third of the costs against grandparents, the next question is whether this assessment was error, given *701 the statutory provisions mandating costs be awarded to the prevailing party.
In Crooks v. Crooks, costs were assessed against husband, the prevailing party in a divorce action. 197 S.W.2d 678, 685 (Mo.App.1946). Section 1406, RSMo 1939, a predecessor of section 514.060, RSMo 2000, provided for the assessment of costs in civil cases. The court noted the statutory provision assessing costs in favor of the prevailing party and stated it knew of no reason why the statute would not apply to divorce proceedings. Id. at 684-85. The court stated, however, that, because divorce proceedings are "triable by equitable principles so as to vest the court with a sound discretion in such respect which is to be exercised in the light of the facts of each particular case," costs could be assessed against the husband when it was shown that the wife was without means to pay them. Id. at 685. The Crooks court did not follow the statutory mandate because, even though divorce proceedings are statutory, they also have an equitable nature. The same is true of proceedings to terminate parental rights. "Although actions for the termination of parental rights and adoption are statutory actions at law, they nevertheless involve equitable principles involving the very personal rights of natural parents, adoptive parents and most importantly, children." In the Interest of D.S.G., 947 S.W.2d 516, 518 (Mo.App. E.D.1997). There is a difference, however. The cases dealing with the equitable nature of terminating parental rights all involve terminating parental rights in the juvenile court, pursuant to chapter 211. A provision in chapter 211 states: "The practice and procedure customary in proceedings in equity shall govern all proceedings in the juvenile court. . . ." § 211.171.7, RSMo Cum Supp.2004. No similar provision exists for actions in the probate court.
As noted, supra, section 472.040, made applicable to the proceedings in this case through section 475.020, provides that "[i]n all suits and other proceedings in the probate division of the circuit court, the prevailing party shall recover his costs against the other party, except in those cases in which a different provision is made by law." (emphasis added). There is no provision in the probate code directing that equitable principles be applied. Thus, the statute must be followed. Given this, the costs in this case should have been assessed in grandparents' favor, equally divided between mother and father.
In order to collect deposition costs, they must be "certified by the reporter taking the same." § 492.590, RSMo 2000. See also Rule 57.10. Grandparents filed and entered as exhibits certification for all six depositions they had taken on their behalf. Four were entitled "Certification of Taking of Deposition and Costs Incurred," and two were entitled "Notarial Certificate" and indicated the costs incurred. The certifications[2] reveal that grandparents incurred a cost of $1833.05 for the depositions. The statutory limitation permits the prevailing party to recover the costs of only one copy of a deposition transcript. § 492.590.1, RSMo 2000. The certifications do not state what services or products comprised the cost incurred; they only state the total cost incurred by each party. Therefore, this court is unable to tell if the costs were for more than one copy. On remand, the probate court should determine what services were rendered for the costs claimed by *702 grandparents, ensuring that the statutory limitation is followed.

Guardian Ad Litem Fees
In their second point, grandparents claim the trial court erred when it declared each party was responsible for one-third of the Guardian Ad Litem fees but failed to specify the specific monetary amount due the Guardian Ad Litem. The judgment provides for a right of contribution if any one party pays more than one-third of the Guardian Ad Litem fees, but the amount of the fees is not indicated anywhere in the judgment. Because the judgment does not indicate a sum certain amount, grandparents claim they are unable to collect contribution from mother and father to the extent that grandparents paid more than one-third of the fees. Grandparents are not appealing the trial court's assessing one-third of the fees against them; they complain only that the judgment does not contain a specific monetary amount.
"To be enforceable by execution, a judgment must specify with certainty the amount for which it is rendered, or if it is not stated, it must be ascertainable from the record." Orem v. Orem, 149 S.W.3d 589, 593 (Mo.App. W.D.2004). See also Schneidler v. Feeder's Grain & Supply, Inc., 24 S.W.3d 739, 741 (Mo.App. E.D.2000). The judgment rendered by the probate court states that each party is responsible for one-third of the Guardian Ad Litem fees; it fails to state the total amount of the Guardian Ad Litem fees or the monetary amount equivalent of one-third of the fees. Because the judgment does not contain a certain monetary amount, it is unenforceable by execution unless the amount of the Guardian Ad Litem fees can be clearly ascertained from the record. In re Marriage of Melton, 816 S.W.2d 232, 238 (Mo.App. S.D.1991)(citing Massey v. Massey, 594 S.W.2d 296, 297-98 (Mo.App. W.D.1979)).
Grandparents argue that the record reveals the Guardian Ad Litem fees totaled $6,000, and, thus, grandparents, mother, and father are each responsible for $2,000. Before the trial, the court entered four judgments for payment of Guardian Ad Litem fees. Each judgment of $1,500 sustained a "Motion of the Guardian Ad Litem for Deposit of Guardian Ad Litem Fees/Costs." The motions made by the Guardian Ad Litem were meant to compensate the Guardian Ad Litem for work already performed and work anticipated to be performed. The parties acknowledge that the total fees of the Guardian Ad Litem were $6,000 for work performed and that each judgment was for $1,500, apportioned between the parties, to be paid on or before the start of the trial. On remand, the probate court should amend its judgment to include the specific amount of $6,000 total for the Guardian Ad Litem fees.

Conclusion
The case is remanded to the probate court with directions to enter judgment in accordance with this opinion.
All concur.
NOTES
[1] Rules 56 and 57 are among those made applicable to probate proceedings by Rule 41.01(b).
[2] The certifications have a number of errors. The errors result from the similarity of the names of father, mother, and grandfather. Despite these errors, they reveal that the costs incurred by the grandparents were $1,833.05.